This is an appeal from a final judgment of the court of common pleas denying the declaratory judgment, injunction and mandamus orders sought by relators-appellants. Appellants consist of the Ohio Civil Service Employees Association and various members of the Coshocton Police Department. Respondents-appellees consist of the city of Coshocton, its mayor and the members of its council.
Appellants' complaint seeking the above relief was filed June 18, 1981 and prayed for such relief with regard to two ordinances enacted June 8, 1981 by appellee council members. Ordinance No. 41-81 abolished the Coshocton Police Department and Ordinance No. 42-81 authorized the Coshocton Service Director to enter into a contract to obtain law enforcement protection from the Coshocton County Sheriff's Department. Both ordinances were passed as emergency measures effective August 1, 1981.
On July 13, 1981, the city council re-enacted the two ordinances with different emergency sections but with the same effective date. The ordinances and emergency provisions were passed unanimously by city council.
The matter came on for trial on the merits on July 17, 1981. The complaint was amended by appellants to challenge the July 13 ordinances rather than the June 8 ordinances. On July 28, 1981, the court issued the judgment denying relief from which this appeal was taken.
Appellants' first assignment of error consists of four subdivisions, which are considered in the order presented, and states as follows:
"1. The Court below erred in holding that the ordinances passed by Respondents were not invalid.
"A. The City of Coshocton is statutorily required to organize and maintain a police department.
"B. The City of Coshocton has no statutory authority to contract out the entire responsibility for the Police Department to the Sheriff.
"C. The abolishment of the Coshocton City Police Department was done in bad faith and constitutes a subterfuge.
"D. The ordinances are invalid because they were improperly designated as emergency measures."
The statute which appellants rely upon as requiring the city to organize and maintain a police department is R.C. 715.05, which provides in pertinent part:
"All municipal corporations may organize and maintain police * * * departments * * *." (Emphasis added.)
The first paragraph in the syllabus of Dorrian v. SciotoConserv. Dist. (1971), 27 Ohio St.2d 102 [56 O.O.2d 58], provides:
"In statutory construction, the word `may' shall be construed as permissive and the word `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."
The trial court in a well-reasoned opinion found no such "clear and unequivocal legislative intent" dictating other than ordinary usage. We agree. We, in fact, find an express legislative intent that each municipal corporation is not required to maintain its own police department.
R.C. 737.04 provides, in pertinent part:
"Any municipal corporation may, in order to obtain police protection or to obtain additional police protection, enter into *Page 7 
contracts with one or more municipal corporations * * *."
We must give effect to the varying language describing the amount of protection which might be contracted to be provided. This leads to the conclusion that all or additional protection might be obtained by contract. It then becomes equally obvious that if all police protection might be obtained by contract that the municipal corporation is not required to maintain its own department.
Appellants' claim that there is no statutory authority for appellees to authorize a contract with the sheriff's department is directly refuted in R.C. 311.29 which specifically provides in subsection (B):
"The sheriff may * * * enter into contracts with any municipal corporation * * * and such subdivisions * * * may enter into agreements with the sheriff whereby the sheriff undertakes * * * to perform any police function, exercise any police power, or render any police service in behalf of the contracting subdivision * * *."
As to appellants' next claim, a review of the transcript reveals that appellants offered no evidence of bad faith on the part of appellees. The argument offered by appellants in the absence of such evidence is that bad faith must be assumed because of the contract with the sheriff's department, and that the economy anticipated by the city in its new approach is false.
There is no basis for an assumption of bad faith merely because appellees entered a contract with the sheriff's department for law enforcement services. See State, ex rel. Sigall, v. Aetna
(1976), 45 Ohio St.2d 308 [74 O.O.2d 471].
As to anticipated savings accruing to the city, the question of credibility of the witnesses was solely for the trial court. Appellants' own evidence presented testimony of one councilman who estimated a savings of $170,000 if the police department were to be eliminated from the plans for the city building. Appellants also presented the architect who had estimated in May 1981 a savings of $120,000 to $140,000. This estimate was revised by July 7, 1981 to a savings of $190,000.
Appellees presented testimony of the president of council that he estimated an annual operating savings of $100,000. The chairman of the finance committee estimated a savings of $20,000 per month for the balance of 1981. There was no evidence presented by appellants to rebut the estimates.
With regard to the designation of the ordinances as emergency measures, we have noted that appellants amended the complaint to refer to the July 13 enactments. The ordinance authorizing the service director to enter into the contract was not introduced into evidence by appellants. We must, therefore, presume it was regular and proper in form.
Ordinance No. 41-81 which abolished the police department was introduced into evidence by appellees. Section 2 of this ordinance provides:
"That this Ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, welfare and safety. The emergency being that it is necessary to provide more thorough, economic and better police protection and further, that delay would require delay in budget considerations necessary for the orderly government and delay would hinder the progress of the new City Hall. A more economical operation will be had by contracts with the Sheriff and the sooner that is accomplished the sooner tax dollars can be saved. Further, new equipment has been ordered and decisions must be made concerning their utilization. Further the manpower of the Police Department is so low, immediate steps must be taken to insure the proper protection of the citizens and this Ordinance shall therefore, take effect and be in force immediately upon *Page 8 
its passage by Council and approval by the Mayor."
The language is clearly not tautological and is a determination of a vaild reason for the emergency which is for the council, and not the court, to make. State, ex rel. Lipovsky, v. Kizak (1968),15 Ohio St.2d 27 [44 O.O.2d 16].
It is particularly appropriate to note with regard to the last two issues that the determinations required to be made were policy decisions affecting the citizens of the city of Coshocton. The court system is charged with making legal decisions. Legislative bodies are charged with making policy decisions. As long as any reasonable evidence exists on behalf of legislative policy decisions, it is not the function of the court system to second guess such decisions. The citizens, in such case, are entitled to have their future course of operation determined by the council that they elected for such purpose.
The first assignment of error is overruled for the reasons expressed.
Appellants' second assignment of error asserts:
"The Court below erred in denying relators equitable relief. Relators are entitled to a writ of mandamus compelling respondents to recreate the police department and an injunction prohibiting further abolishments."
For appellants to be entitled to a writ of mandamus, they must establish as one element that the city had a clear legal duty to create and maintain a police department. State, ex rel. Harris,
v. Rhodes (1978), 54 Ohio St.2d 41 [8 O.O.3d 36.] For the reasons set forth in considering the first assignment of error, this duty was not established. The second assignment of error is overruled.
The judgment of the court of common pleas is affirmed.
Judgment affirmed.
HENDERSON, P.J., and MILLIGAN, J., concur.