NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0005n.06
Filed: January 3, 2005

No. 03-4055

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Bryan J. Wanless and Joseph B. Mullins, Sr., | ) ) ) | |
| Plaintiff-Appellants, | ) ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT |
| v. | ) ) ) | COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| Village of South Lebanon, | ) ) ) | **OPINION** |
| Defendant-Appellee. | ) ) ) | |
| _____ | ) | |

**Before: MOORE and GIBBONS, Circuit Judges, and MILLS, District Judge.**[*]

**RICHARD MILLS, District Judge.**

This is a § 1983 action.

### FACTS

Peter Stemple was a sergeant with the Village of South Lebanon's police department and

his behavior was the subject of several co-workers' and citizens' complaints.

Between 1994 and 1998, individuals leveled complaints against Stemple for conduct

_____

[*] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

1

including sexual misconduct, possession of marijuana, and theft of firearms from the Village and private citizens. One of Stemple's co-workers, Officer Bryan Wanless, wrote letters to the Village's mayor and police chief in late 1997 expressing concern about Stemple.

The complaints were beginning to create an embarrassing situation for the Village. Around May 1998, Village Councilman Jack Quinn allegedly told Police Chief Derrick Hollon that if Wanless resigned everyone else could save their jobs. On July 15, 1998, the Village Council read Ordinance 98-09, an ordinance which purportedly showed an "intention" to fire Wanless and Mullins and abolish the police department. Following the council's proposal, more than 600 citizens signed a petition opposing the abolishment of the police department. Officer Mullins then complained in a July 18, 1998, letter to the mayor that the Village violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., by refusing to give the officers holiday pay.

On August 7, 1998, Mayor James D. Smith wrote an open "Letter to the Citizens of the Village of South Lebanon" to address serious personnel problems in the police department. On August 24, the Village Council voted to abolish the police department and contract with the Warren County Sheriff's Department for police services.

When Officers Wanless and Mullins lost their jobs, they filed a due process claim against the Village pursuant to 42 U.S.C.§ 1983. Their Complaint alleged that the Village Council's decision was a subterfuge executed in order to terminate Stemple and cover up problems within the police department. On summary judgment, the district court concluded that Wanless and Mullins could not establish a constitutional violation because they lacked a property interest in their jobs. Thus, the district court dismissed Wanless's and Mullins's due process claims.

Wanless and Mullins appealed.

2

**STANDARD OF REVIEW**

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's grant of summary judgment *de novo*. Kennedy v. Superior Printing Co., 215 F.3d 650, 653 (6th Cir.2000); Williams v. Gen'l Motors Corp., 187 F.3d 553, 560 (6th Cir.1999). To grant a motion for summary judgment, a court must find that the pleadings, together with the depositions, interrogatories and affidavits on file, establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56.

The party that seeks summary judgment bears the initial burdens of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Taking the evidence in the light most favorable to Wanless and Mullins, we will uphold the grant of summary judgment if there is no genuine issue as to any material fact such that the Village is entitled to judgment as a matter of law. See id.; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (same).

**ANALYSIS**

In order to state a claim under § 1983, a plaintiff must allege that a person acting under color of state law caused him to be deprived of a constitutional right. See Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir.1998). "Whether a property interest exists is not determined by reference to the Constitution; rather, property interests are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Ludwig v. Board of Trustees, 123 F.3d 404, 409 (6th Cir.1997);

3

see also, Board of Regents v. Roth, 408 U.S. 564, 577 (1972) (whether a person has a property interest in continued employment is decided with reference to state law).

Under Ohio law, a municipal corporation is not required to have a police force. See State ex rel. Ohio Civil Service Employees Ass'n v. City of Coshocton, 448 N.E.2d 834, 835 (1982). Moreover, a municipal corporation is statutorily allowed to abolish its police force and contract with a county sheriff's office for police services. Id. Abolishment is proper where the purpose of the abolishment is "economy or improved public service and there is no ulterior motive." See Ryman v. Reichert, 604 F.Supp. 467, 469 (S.D. Ohio 1985) (citing Ohio cases). The:

> critical guideline in the abolishment of a civil service position is that it must be done in good faith and not as a subterfuge. A civil service employee may not be removed under the guise of abolishing his office when in fact the transaction amounts to no more than a change in the name of the position and the appointment of another person, the duties remaining substantially the same.

Id. at 53-54.

Wanless and Mullins argue that the Village's abolishment of the police department was a subterfuge whose purpose was to cover up problems in the police department. However, they offer no proof of this. There is not a single deposition or affidavit from a councilperson to establish that the abolishment was done pursuant to a bad motive.

Furthermore, the Village did not fire Wanless and Mullins to replace them with agreeable officers. The Village completely abolished its police department in order to provide its citizens with more professional law enforcement via the Warren County Sheriff's Department. Such an abolishment shows that the Village acted in good faith, trying to improve public service. There is no probative evidence to that suggests the abolishment was a subterfuge.

Wanless and Mullins have no state property right to continued employment in a police

4

department that has been legally abolished. Accordingly, we agree with the district court that Wanless and Mullins cannot show that the Village deprived them of a constitutional property interest.

## CONCLUSION

We AFFIRM the district court's decision to enter summary judgment against Wanless and Mullins.