Theodore GRIFFIN, Plaintiff in Error,

v.

Jack BREDOUW and Arinthia F. Bredouw,
Defendants in Error.

No. 41457.

Supreme Court of Oklahoma.

Nov. 9, 1966.

Floyd L. Walker, Tulsa, for plaintiff in error.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for defendants in error.

BERRY, Justice.

Parties will be referred to as they appeared in the trial court. On November 9, 1960, plaintiffs and the defendant entered into a written contract whereby the defendant agreed to build a house for the plaintiffs on a lot to be acquired by him in the City of Tulsa. Plaintiffs agreed to pay the defendant the sum of $22,000.00 purchase price for the completed house and lot. Plans and specifications were agreed upon by the parties and were made a part of the building contract. Defendant agreed to "provide and furnish such materials of such kinds and qualities and descriptions as shall be fit, proper and sufficient for completing and furnishing such improvements."

The contract provided for the erection of a "sapling fence" around a portion of the premises. The "sapling fence" was furnished and erected by the Allied Chain Link Fence Company hereinafter referred to as Allied. Defendant declined to pay Allied's bill and this litigation involves solely the liability of the defendant for damages sustained by the plaintiffs because of his failure to pay the bill.

As the building progressed numerous conferences occurred between the parties. The contract provided that certain deviations might be made in the original plans "said changes to be specified in writing * * * the value of such alterations shall be added to or deducted from the amount herein agreed to be paid to said first party." Defendant agreed that the plaintiffs might select the materials to be used in the construction of the house subject to approval by the defendant.

During the time the house was being erected it became apparent that the cost of building the house would exceed the purchase price of $22,000.00 provided for in the contract.

After the building had been completed, one of the plaintiffs (Jack Bredouw) and the defendant spent approximately one entire day checking the building costs. Defendant finally submitted the plaintiffs an over-all bill of $26,115.45. The plaintiffs agreed to pay the defendant the sum of $26,000.00 for the house. In the construction contract the plaintiffs agreed to make every effort to secure a loan on the property for $22,000.00. They secured a loan from the Ponca City Building and Loan for the amount of $22,000.00 and such amount was delivered to the defendant. Plaintiff arranged to pay the defendant the $4,000.00 balance of the $26,000.00 by delivering the defendant the sum of $1,000.00 cash and

executing a series of notes totaling $3,000.00.

Defendant on September 18, 1961, delivered the plaintiffs a warranty deed to the property. In the deed defendant warranted to the plaintiffs that the premises were "free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances of whatever nature and kind."

Defendant declined to pay the bill of Allied in the amount of $532.29 for furnishing the fence. Allied filed a material lien against the property and filed suit against the defendants to foreclose the lien. Allied secured a judgment against the plaintiff herein for the sum of $532.29, plus attorney's fees in the amount of $850.00 and costs. Plaintiff settled the judgment by paying Allied and its attorney the sum of $1,250.00. Plaintiffs were required to pay their own attorney $350.00 for defending them in the suit filed by Allied.

In this action plaintiffs seek recovery from the defendant Theodore Griffin for the sum of $1,600.00 the amount they were required to expend in connection with the Allied lien foreclosure. The case was tried to the court without a jury. The trial court entered judgment in favor of the plaintiffs for the sum of $1,600.00.

Defendant contends that the acceptance of the warranty deed by the plaintiffs from the defendant pursuant to the sales contract merged and extinguished all covenants, stipulations and responsibilities contained in the sales contract which were inherently material to the delivery of the deed.

■ The general rule is that a deed includes all prior negotiations and agreements leading up to its execution and delivery. It does not apply to matters not consummated by the delivery of the deed.

The execution and delivery of the deed is only a part performance of the transaction and does not relieve its maker from prior commitments made to the purchaser in a construction or sales contract with

reference to furnishing and paying for materials used in the construction of a dwelling on the premises.

In Banks v. City of Ardmore, 188 Okl. 611, 112 P.2d 372, 373, this Court held that where land is conveyed by deed, pursuant to a written contract containing provisions involving the rights of the parties, not embodied in the deed, the deed "did not supersede the contract," and the two instruments "must be construed together" in determining the rights and obligations of the parties.

Banks v. City of Ardmore, supra, is cited with approval in 26 C.J.S. Deeds § 91c, p. 845, where the rule is stated:

"Where the deed constitutes only a part performance of the preceding contract, other distinct and unperformed provisions of the contract are not merged in it, and where a contract of sale provides for the performance of acts other than the conveyance, it remains in force as to such other acts until full performance * * *."

In Stiles v. Bodkin, 43 Cal.App.2d 839, 111 P.2d 675, the court held that commitments made in a contract to sell real estate to construct improvements thereon were not merged in the deed of conveyance and commitments made in the contract might be asserted against the seller. Other authorities to the same effect are Vaughey v. Thompson, 95 Ariz. 139, 387 P.2d 1019; Glisan v. Smolenske, 153 Colo. 274, 387 P.2d 260; Stevens v. Milestone, 190 Md. 61, 57 A.2d 292; Blake-McFall Co. v. Wilson, 98 Or. 626, 193 P. 902, 14 A.L.R. 1275. See also extensive note 38 A.L.R. 2d § 8, pp. 1325–27.

We have examined the cases of Herminghausen v. Pierce, 187 Okl. 501, 104 P.2d 252 and Wallace v. Smith, 205 Okl. 557, 240 P.2d 799, to the effect that all prior negotiations are merged into a deed. The cases are not applicable because of a difference in the factual situations presented.

■ The warranty deed specifically provides that the property conveyed is free

and clear of all encumbrances. The construction contract between the parties requiring the defendant to furnish all material was not merged in the deed of conveyance. Plaintiffs are entitled to recover from the defendant their damages sustained as the result of his failure to pay the bill for the erection of the fence.

Defendant contends that the judgment is excessive and plaintiffs are not entitled to recover for some of the items for which recovery was allowed.

■ He urges that the plaintiffs at one time agreed to pay all amounts in excess of $480.00 incurred in the erection of the fence. Such agreement was made with the understanding that the defendant would pay the $480.00 upon receipt of the bill. He declined to pay any amount and cannot now seek the benefits of an agreement he failed to keep.

■ Defendant argues that plaintiffs should have minimized the expenses incurred by paying Allied for erecting the fence thereby avoiding the costs and attorney fees incurred in the lien foreclosure action. There is no merit to this contention. The defendant was the defaulter. He declined to pay the bill. He is in no position to shift the responsibility to the plaintiffs. In 22 Am.Jur.2d, Damages § 37, pp. 61–62, the rule is stated:

> "Following a breach, it is sometimes possible for the nondefaulting party to minimize his damages by spending a sum of money. If the courts were to require this expenditure in every case in which it turns out, as a matter of hindsight, that such expenditure would have minimized the loss, courts would effectively be requiring the innocent party to incur risks beyond those in the contract in the hope that damages could be recovered from the breacher. * * * The defaulter is in no position to cast

this risk of substantial expenditures on the plaintiff. Since such risks arose because of the breach, they are to be borne by the defaulting party.

> "Where the party whose duty it is to perform a contract has equal opportunity for performance and equal knowledge of the consequences of nonperformance, he cannot, while the contract is subsisting and in force, be heard to say that the plaintiff might have performed for him. * * * *"

■ Lastly defendant contends plaintiffs are not entitled to recover the sum of $350.00 paid to their attorney for defending them in the lien foreclosure action brought by Allied. They cite several cases holding that attorneys' fees are not recoverable in an action for breach of contract unless specifically provided for by statute.

The defendant had actual knowledge of the suit filed by Allied against the plaintiffs to foreclose its lien. He did not pay the bill or tender a defense to the plaintiffs. They were compelled to employ an attorney and his fee not specifically as an attorney fee but as an item of damage is recoverable in the present action. Security State Bank of Comanche, Okl. v. Johnston & Co., 204 Okl. 160, 228 P.2d 169; Washington County Abstracting Co. v. Harris, 48 Okl. 577, 149 P. 1075; Pacific Coast Title Insurance Company v. Hartford Accident and Indemnity Company, 7 Utah 2d 377, 325 P.2d 906; Robert A. Reichard, Inc. v. Ezl Dunwoody Co., D.C.Pa., 45 F.Supp. 153; Carleton v. Lombard, Ayres & Co., 19 App.Div. 297, 46 N.Y.S. 120, affirmed, 162 N.Y. 628, 57 N.E. 1106.

Judgment of the trial court affirmed with directions to enter judgment on the supersedeas bond.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and HODGES, JJ., concur.