Tom **FALKNER** d/b/a **Tom's Mobile Home Service**, Appellant,

v.

Dick **THOMPSON**, d/b/a **Repo's Unlimited**, Appellee.

No. 50504.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 19, 1978.

Released for Publication by Order of Court of Appeals Oct. 13, 1978.

Lloyd G. Larkin, Tulsa, for appellant.

Pinkerton & Pinkerton by Robert D. Frank, Tulsa, for appellee.

BOX, Presiding Judge:

An appeal by Tom Falkner, d/b/a Tom's Mobile Home Service, plaintiff in the trial court, from the taxing of part of the costs including attorney fees, against plaintiff and in favor of Dick Thompson, d/b/a Repo's Unlimited, Appellee.

Plaintiff filed his original petition and his amended petition, on an action for an account stated for certain labors performed and materials furnished to repair, renovate and refurbish certain mobile homes belonging to the defendant, alleging the amount due to be in the amount of $989.00.

Defendant on November 24, 1975 filed his answer consisting of a denial of the allegations of plaintiff's petition. Defendant as a counter-claim to plaintiff's petition, alleged that plaintiff owed the defendant for reasonable rent and for utilities used by plaintiff while plaintiff had his mobile home parked on defendant's premises, pursuant to an agreement as to same between the parties.

Thereafter on the 5th day of December, 1975 the defendant filed an offer to allow judgment to be taken against him in the amount of $500.00, pursuant to 12 O.S.1971, § 1101, which reads as follows:

The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the

plaintiff accept the offer and give notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit; and in either case, the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer.

On the 25th day of October, 1976, more than a year after the original petition was filed, this matter was tried to a jury, resulting in a verdict on behalf of plaintiff in the total amount of $465.00, further finding against defendant on his counterclaim.

October 27, 1976, plaintiff filed his application for allowance of an attorney fee pursuant to 12 O.S.1971, § 936.

October 29, 1976 defendant filed his Motion to Tax Costs to plaintiff pursuant to 12 O.S.1971, § 1101, supra, together with his Motion to Allow Attorney's Fees by reason of 12 O.S.1971, § 1101.

On November 3, 1976 plaintiff filed his Motion to Strike defendant's Motion to Tax Costs, alleging that same was not served on plaintiff or plaintiff's attorney. 12 O.S.1971, §§ 1101 and 1113.

The trial court conducted a hearing on all motions, a transcript of which is before this Court, and at the conclusion of this hearing the following order, copied herein in part, was filed:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:
Plaintiff's application for attorney's fees to be assessed against the Defendant is sustained for those services rendered by Plaintiff's attorneys of record on or before the 10th day of December, 1975, said costs including a reasonable attorney's fee to be the sum of $500.00. Defendant's exception to said ruling is allowed.

IT IS FURTHER ORDERED that Plaintiff's motion to reconsider Plaintiff's motion to strike Defendant's offer to allow Judgment to be taken against Defendant is overruled; Plaintiff's exception to said ruling is allowed.

IT IS FURTHER ORDERED that Defendant's motion to tax costs of the action to Plaintiff, said costs including a reasonable attorney's fee is hereby sustained as to those services performed by Defendant's attorney of record after the 10th day of December, 1975, said reasonable attorney's fee to be an amount in the sum of $1867.50: Plaintiff's exception to said ruling is allowed.

Thereafter plaintiff appeals, seeking reversal of that part of the order taxing costs and attorney's fee against him in favor of defendant. Plaintiff contends that the trial court erred in the following respects:

(1) Notice of an offer to allow judgment, pursuant to Title 12 O.S. 1910, § 1101, must be served upon plaintiff or upon plaintiff's attorney, and whenever a statute requires notice to be served, written notice and proof and return of service is intended and required.

(2) Attorney's fees are not included as costs under Title 12 O.S. § 1101, and the right to recover attorney's fees as costs does not exist at common law, and the recovery of attorney's fees as costs is not allowed in the absence of a statute or some agreement between the parties.

Although 12 O.S.1971, § 1113 provides as follows:

Notices of motions, mentioned in this article, may be served by a sheriff, coroner or constable, the party or his attorney, or by any other person, and the return of any such officer or affidavit of any such person shall be proof of service; the service shall be on the party, or his attorney of record, and in case there is more than one party adverse to such motion, service shall be made on each party or his attorney.

This statute was taken from the General Statutes of Kansas, and the Kansas Supreme Court in the case of *Kaw Valley Fair Ass'n v. Miller,* 42 Kan. 20, 21 P. 794 held that an offer in writing by the defendant to allow judgment to be taken against him, contained in his answer, constituted part of the pleadings and it was not necessary that it be served upon the defendant. Although not a part of the defendant's answer, the offer was in writing and was filed as part of the pleading in the case now under review.

Furthermore, counsel for plaintiff stipulated that he had received a copy of the offer as well as having actual knowledge of same. A transcript of the proceedings reveals the following:

> MR. FRANK: I think it's an important consideration that I'd like to bring up, evidence was brought out at pretrial that the defendant offered $500 to the plaintiff two years ago. . . .
>
> THE COURT: For the record, what can you all agree as far as the manner in which the offer was made?
>
> MR. FRANK: I might suggest the following stipulation: That on the 5th of December, 1975, the attorney for the defendant filed an offer to allow judgment to be taken against the defendant. This pleading was mailed, as reflected in the Certificate of Mailing to Mr. Lloyd G. Larkin and Charles R. Teal, at their office address in Tulsa. Both Mr. Larkin and Teal were the attorneys of record, I might add, for the plaintiff. I think we also could add in the stipulation that acknowledgement of receipt of this offer was made orally at pre-trial before Judge Comfort.
>
> MR. TEAL: I could not stipulate to anything he did, Your Honor, I can stipulate what the record reflects. But, I cannot stipulate whether or not he actually deposited it in the mail.
>
> MR. FRANK: Can we stipulate, did you receive it in the mail?
>
> MR. TEAL: I could stipulate to that. I don't think that has any bearing on the law suit here . . . .

We hold that the notice and actual knowledge by the attorney for defendant meets the requirements as to proper notice as required by 12 O.S.1971, § 1113, supra.

Plaintiff next contends that 12 O.S.1971, § 1101 does not permit the allowance of attorney's fees, citing numerous cases wherein our Supreme Court has held that "The right to recover attorney's fees from one's opponent in litigation as part of the costs thereof does not exist at common law. Such allowances in the absence of statute or some agreement expressly authorizing the same, cannot be sustained." (Citations omitted.)

We believe the Supreme Court took a long needed new look at attorney's fees assessed as costs in litigation when in 1977 in the case of *City National Bank & Trust Company v. Owens,* 565 P.2d 4 (Okl.), after reviewing the so-called American rule governing the award of attorney's fees to the prevailing party, held as follows at p. 8:

> . . . As stated above, one of the exceptions to the general rule recognized at common law and in modern practice, is the court's inherent equitable power to award attorney fees regardless of the fact that an award is not authorized by statute or contract, whenever overriding considerations, such as oppressive behavior on the part of a party, indicate the need for such a recovery.

And further held in part as follows:

> . . . *[W]e hold that the court, in the exercise of its inherent equitable powers, did not exceed its jurisdiction, powers, or discretion. Accordingly, we cannot, as a matter of law, under the facts presented, say that the court exceeded its authority in awarding partial attorney fees.* (Emphasis added.)

Although our Supreme Court has not faced the issue of an offer of judgment to be taken against a party, and its effect upon the denomination of the "prevailing party," this specific issue has been reached in other states. In *McCrary v. New York Life Insurance Co.,* 84 F.2d 790 (8 CCA Neb. 1936), the Court stated:

"An offer of judgment or tender for full amount actually due or recovered will ordinarily defeat right to recover costs, since, under such circumstances, plaintiff is not 'prevailing party.'"

After making his offer, the defendant has done all he can do to pay a just indebtedness. If it is refused by the plaintiff, as was the case now under review, defendant then had to defend the suit or plaintiff would have taken a judgment by default for both the entire claimed amount and attorney's fees. Plaintiff's refusal to accept the offer caused necessary expenses to be wasted by the defendant and caused the parties, attorneys, and the Court to waste a considerable amount of time, money and effort. Furthermore, other jurisdictions hold that when the defendant defeats the plaintiff's petition, his failure to recover on his counterclaim notwithstanding, the defendant is the "prevailing party." See *Checketts v. Collings*, 78 Utah 93, 1 P.2d 950, 953 (1931). See also *Pagano v. Giuliani*, 182 Misc. 375, 43 N.Y.S.2d 945; and *Gile v. Nielsen*, 20 Wash.2d 1, 145 P.2d 288.

■ The common law axiom that "a court of equity should do that which should be done" incorporates both common sense and compassion. In the case now under review, to force upon the defendant the burden of his own attorney's fees is to punish him for honestly and justly agreeing to pay his debts to the plaintiff and the plaintiff's attorney. We therefore hold that the court did not commit error in awarding attorney fees to defendant's attorney.

■ Defendant seeks an additional attorney's fee for the purpose of this appeal. We find same is warranted and find a reasonable fee for purposes of this appeal to be $1,000.00. Accordingly judgment is ordered against plaintiff in the amount of $1,000.00 for attorney's fee for defendant's attorney, same to be taxed as cost.

From a review of the record we hold that the trial court was correct in awarding defendant his attorney's fee under 12 O.S. 1971, § 1101; thus we affirm with additional attorney's fee to defendant for purposes of this appeal.

Since plaintiff has not shown any reversible error, defendant is granted judgment on the Supersedeas Bond on file against the Aetna Casualty and Surety Company in the amount of the judgment against plaintiff, together with interest and taxable costs, including the additional attorney's fee of $1,000.00 awarded by this Court, and the trial court is directed to enforce this judgment as if rendered in that court.

AFFIRMED WITH ADDITIONAL ATTORNEY'S FEE.

ROMANG and REYNOLDS, JJ., concur.