Helen I. SISK, Appellant,

v.

SANDITEN INVESTMENTS, LTD., an Oklahoma Limited Partnership, Appellee.

No. 57587.

Court of Appeals of Oklahoma, Division No. 1.

March 29, 1983.

Released for Publication by Order of Court of Appeals April 29, 1983.

N. Franklyn Casey, Tulsa, for appellant.

Best, Sharp, Thomas, Glass & Atkinson by Joseph A. Sharp, Michael P. Atkinson, Tulsa, for appellee.

ROBINSON, Judge:

The gravaman of appellant Helen I. Sisk's appeal is whether "costs", as used in 12 O.S.1971 § 1101[1], includes attorney's fees. That section reads:

----

1. Brought forward without change in the 1981 recodification. 12 O.S.1981 § 1101.

The defendant, in an action for the recovery of money only, may, at any time, before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the exception, with a copy of the offer, verified by affidavit; and that in either case, the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on [sic] the trial. *If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer.*

It is admitted that the appellee, as defendant below, made an offer pursuant to § 1101, to allow judgment be taken against it for $5,000; that Sisk, as plaintiff below, did not recover an amount greater than defendant's offer—in fact did not recover anything on her tort claims; and that defendant's "costs" should be assessed against Sisk from the point the offer was made. Pursuant to § 1101, and apparently relying on this Court's opinion in *Falkner v. Thompson,* 585 P.2d 403 (Okl.App.1978), the trial court awarded $5,362.61 in attorney's fees to appellee, and $714.50 as costs of the litigation. Respecting that portion of the trial court's order awarding attorney's fees as ordinary costs under § 1101, we reverse.

In Oklahoma, each party to a lawsuit pays its own litigation expenses, unless otherwise provided by statute or enforceable contract[2]. There are only a few narrow exceptions recognized to this "Ameri-

----

2. *Goodman v. Norman Bank of Commerce,* 565 P.2d 372 (Okl.1977). *See also, Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

can Rule" regarding attorney fees. The Oklahoma Supreme Court discussed the exceptions in *City Nat. Bank & Trust Co. of Oklahoma City v. Owens.*[3] *Owens, supra,* did not involve any aspect of § 1101, although the parties herein recognize the importance of that case in their respective briefs.

*Owens, supra,* involved a case wherein the plaintiff voluntarily withdrew its suit pursuant to statute[4] in the latter stages of a jury trial, after all the evidence and testimony was entered, and after the trial court had prepared the jury instructions. After reviewing the "American Rule" noted above, the Supreme Court found that attorney fees could be awarded against the plaintiff in that case to "remedy an injustice", and stated:

> The American Rule does not, however, serve as an absolute bar to the awarding of attorney fees in the absence of statute or contract. Courts have from common law days recognized several exceptions to the general principle that each party should bear the costs of his or her own legal representation. Courts have long recognized that attorney fees may be awarded when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason, or where a successful litigant has conferred a substantial benefit upon a class of person and the court's shifting of the fees operates to spread the cost proportionately among the members of the benefitted class. Additionally, courts have also recognized a "private attorney general" rationale. (Footnotes omitted.)

565 P.2d at 7.

The appellant contends that a proper analysis of *Owens* requires that we overrule this court's decision in *Falkner, supra,* which, in turn, relied on *Owens.* Appellee, on the other hand, contends the *Falkner* decision is a correct statement of the law.

In *Falkner, supra,* the plaintiff therein refused an offer made by defendant to allow judgment to be taken against him under § 1101. Although plaintiff prevailed at trial, it was for an amount less than the defendant's offer.[5] Defendant then moved to tax costs to plaintiff together with a Motion to Allow Attorney's Fees under § 1101. The trial court granted both and this Court affirmed. After a review of the pertinent law on awarding attorney fees as costs, especially the *Owens* decision, this Court stated in *Falkner:*

> After making his offer, the defendant has done all he can do to pay a just indebtedness. If it is refused by the plaintiff, as was the case now under review, defendant then had to defend this suit or plaintiff would have taken a judgment by default for both the entire claimed amount and attorney's fees. Plaintiff's refusal to accept the offer caused necessary expenses to be wasted by the defendant and caused the parties' attorneys, and the Court to waste a considerable amount of time, money and effort.

> \*       \*       \*       \*       \*       \*

> The common law axiom that "a court of equity should do that which should be done" incorporates both common sense and compassion. In the case now under review, to force upon the defendant the burden of his own attorney's fees is to punish him for honestly and justly agreeing to pay his debts to the plaintiff and the plaintiff's attorney. We therefore hold that the court did not commit error in awarding attorney fees to the defendant's attorney.

> \*       \*       \*       \*       \*       \*

> From a review of the record we hold that the trial court was correct in awarding defendant his attorney's fee under 12 O.S.1971 § 1101....

585 P.2d at 407. A careful reading of *Falkner, supra,* indicates that the Court may

---

3. 565 P.2d 4 (Okl.1977).

4. 12 O.S.1971 § 684.

5. Plaintiff in *Falkner* instituted suit on an account due of allegedly $989. Defendant offered $500 under § 1101, and the plaintiff recovered $465 at trial.

have thought there were inequities involved therein to warrant awarding attorney fees to defendant under the equitable exception to the "American Rule" ennunciated in *Owens*. However, for the reasons that follow, we are now constrained to expressly disapprove that part of *Falkner* which purports to hold that attorney fees may be taxed as ordinary costs under § 1101.

As previously noted, at common law each party-litigant paid its own expenses, unless provided by enforceable contract or statute. A statute in derogation of the common law is normally strictly construed.[6] The usage of the word "costs" in a statute providing for the award thereof is not ordinarily understood to include attorney fees. 20 Am.Jur.2d *Costs* § 73 (1965).[7] Our Supreme Court has consistently held that before attorney fees may be awarded, the case must fall clearly within the express language of the statute.[8] In *Gaylord v. State ex rel. Department of Highways*, 540 P.2d 558 (Okl.1975), the Court refused to allow attorney fees to be granted in an eminent domain action under a statute[9] providing for attorney fees in an inverse condemnation proceeding. Further, in the recent case of *Hale Computer Systems, Inc. v. The Banking Board of the State of Oklahoma*[10], the Court construed 6 O.S.1981 § 207 which permits recovery of reasonable attorney fees as "costs of appeal" not to include proceedings which precede the appeal. The Court stated in that case:

This Court may not ignore the plain words of the statute, nor may it expand their meaning by construction. The statute provides for "costs of appeal" rather than the broader term, "costs", and specifically delineates the items which are recoverable—filing fees, transcript expenses, and reasonable attorney fees. (Footnotes omitted.)

It is our opinion that the plain words of § 1101 do not provide for the inclusion of attorney fees as ordinary costs, and we are not free to "expand their meaning by construction" to include attorney fees.

There is still another fundamental reason for our holding in this case. Courts are not to presume the Legislature does a thing in vain.[11] A construction of § 1101 to include attorney fees would do just that, as the Legislature has expressly provided in numerous statutes that reasonable attorney fees may be awarded along with ordinary costs of litigation.[12] Construing "costs" in § 1101 to include attorney fees would render the language in these statutes providing for attorney fees to be taxed as costs mere surplusage. We will not so construe.

For the reasons herein provided, we reverse that portion of the order below allowing attorney fees to be taxed as ordinary costs under § 1101.

REVERSED.

REYNOLDS, P.J., and YOUNG, J., concur.

---

**6.** *In re Adoption of Graves*, 481 P.2d 136 (Okl. 1971).

**7.** *Accord* 20 C.J.S. *Costs* § 218 (1940).

**8.** *See, e.g., Ferrell Const. Co., Inc. v. Russell Creek Coal Co.*, 645 P.2d 1005 (Okl.1982); *Olansen v. Texaco Inc.*, 587 P.2d 976 (Okl. 1978); *Goodman v. Norman Bank of Com-*

*merce*, 565 P.2d 372 (Okl.1977); *Russell v. Flanagan*, 544 P.2d 510 (Okl.1975).

**9.** 27 O.S.1971 § 10.

**10.** 54 O.B.J. 316 (No. 57278 Feb. 1983).

**11.** *Moral Ins. Co. v. Cooksey*, 285 P.2d 223 (Okl.1955).

**12.** *See,* for example, 12 O.S.1981 §§ 936–940; 12 O.S.1982 Supp. § 941.