CITY OF LAWTON, Oklahoma, A Municipal Corporation, Appellee,

v.

Clyde Eddie BARBEE, aka Eddie Clyde Barbee, Appellant.

No. 68376.

Supreme Court of Oklahoma.

Nov. 7, 1989.

928

Felix A.D. Cruz, Asst. City Atty., Lawton, for appellee.

Taylor C. Stein, Doolin, Cude, South, Cousins & Stein, Lawton, for appellant.

ALMA WILSON, Justice:

The resolution of this case rests on a single issue, whether a person who is convicted of indirect contempt of court for breach and disobedience of a permanent injunction must be allowed to purge himself of contempt in lieu of incarceration. We hold that 12 O.S.1981, § 1390 requires

that under such circumstances a party must be allowed to purge himself of contempt in lieu of being incarcerated.

On February 8, 1983, the Lawton City Council adopted a resolution declaring that the accumulation of inoperable vehicles, heavy equipment and miscellaneous junk and debris in and around the appellant's residence constituted a nuisance and directed the city attorney to abate the nuisance. As a result of a civil action, a temporary injunction was issued on June 20, 1983. The City on July 29, 1983, then applied for a contempt citation for failure to abate the nuisance. After a hearing, the trial court found that the appellant was not in contempt but ordered the City to abate the nuisance within two weeks and the cost was to be taxed against the appellant.

The temporary injunction was modified to a permanent injunction on April 19, 1984. This injunction prohibited the appellant from open-air storage of heavy equipment, inoperable vehicles, building materials, trash, tires, or debris on his residential property. On June 19, 1985, the City again made application for a contempt citation. Although the appellant failed to appear on three separate hearing dates, he was given three days from the third hearing date, upon the appearance of his attorney at that hearing, to abate the nuisance. Subsequently, the City filed another application for contempt, on September 25, 1986, and the appellant entered a plea of not guilty and demanded a jury trial.

On February 2, 1987, the jury returned a guilty verdict, and the trial court entered judgment, fined the appellant $200.00, and sentenced him to six months in the county jail with four months suspended. Upon appeal, the Court of Appeals affirmed.

Proper construction of 12 O.S.1981, § 1390 reveals the solution to the issue before this Court. That statute provides:

An injunction granted by a judge may be enforced as the act of the court. Disobedience of any injunction may be punished as a contempt, by the court or any judge who might have granted it in vacation. An attachment may be issued by the

court or judge, upon being satisfied, by affidavit, of the breach of the injunction, against the party guilty of the same, who may be required to make immediate restitution to the party injured, and give further security to obey the injunction; *or, in default thereof,* he may be committed to close custody, until he shall fully comply with such requirements, or be otherwise legally discharged, or be punished by fine not exceeding Two Hundred Dollars ($200.00) for each day of contempt, to be paid into the court fund, or by confinement in the county jail for not longer than six (6) months, or by both such fine and imprisonment. *This act shall in no way alter the right to trial by jury.* [Emphasis added.]

We have not been cited to any case construing this statute in its present form. Section 1390 was amended in 1972 adding the provision of confinement in the county jail for a period no longer than six months. *Board of Governors of the Registered Dentists of Oklahoma v. Cryan,* 638 P.2d 437 (Okla.1981), cert. den. 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982), cites the amended statute, but that case concerned a violation of 59 O.S.1981, § 328.49, which is the penalty statute providing for incarceration of a person who practices dentistry without a license. Cryan violated an injunction issued to mandate cessation of his unauthorized practice of dentistry and was sentenced to the minimum sentence under 59 O.S.1981, § 328.49. That case has no application to the case at bar.

Although no case law construes the 1972 amendment to 12 O.S.1981, § 1390, there is case law construing the statute before the amendment. The prior statute enacted in 1931 included the terms "he may be committed to close custody" as does the present statute. Case law reveals that one could be imprisoned "only for failure to pay the fine imposed or failure to make restitution to the injured party as required by order of court or for failure to give security to obey the injunction." *Fagin v. Thoroughman,* 190 Okla. 649, 126 P.2d 982, 985 (1942). *Fagin* cited *Ex parte Hibler,* 139 Okla. 157, 281 P. 144, 146 (1929), which

construed the 1921 predecessor statute, Comp.St.1921, § 413. *Hibler* held:

> Upon proof of a violation of an injunction, the court, under section 413, Idem, has authority to do three things: First, to impose a fine for the violation; second, to require immediate restitution to the injured party; and, third, to require further security to obey the injunction. Upon the failure to perform any of these acts, commitment to close custody may be ordered.

The first two sentences of Comp.St.1921, § 413 were the same as the present statute. The remainder of the statute provided:

> An attachment may be issued by the court or judge, upon being satisfied, by affidavit, of the breach of the injunction, against the party guilty of the same, who may be required, to pay a fine not exceeding two hundred dollars, for the use of the county, to make immediate restitution to the party injured, and give further security to obey the injunction; *or, in default thereof,* he may be committed to close custody, until he shall fully comply with such requirements, or be otherwise legally discharged. [Emphasis added.]

In both this statute and the 1971 amendment, a court only has initial authority to take the action stated before the semicolon preceding the conjunction "or." The alternatives following the semicolon can only be taken after the party has failed to perform the additional requirements placed upon him by the trial court due to his failure to obey the injunction. The phrase separating the two sets of actions which can be taken is the phrase "in default thereof." Because the $200.00 fine preceded that phrase in Comp.St.1921, § 413, the fine was included in the action that the court was initially authorized to take.

■ Following the authority of *Hibler,* we must now hold that upon the proof, by jury trial, of a violation of an injunction the court has authority under 12 O.S.1981, § 1390 to do *two* things. First, it may require immediate restitution to the injured party; and second, it may require further

security to obey the injunction. Upon the failure to perform either of these acts, the trial court is authorized to do one of four things. First, it may commit the guilty party to close custody until he complies with the requirements; or second, it may impose a fine for the violation; or third, it may confine the guilty party in the county jail for no longer than six months; or, fourth it may impose both the fine and the incarceration.

■ As emphasized in *Hibler*, the above result is based upon a prosecution for contempt conducted in the name of a civil litigant.[1] Where the procedure is for the benefit of the litigant, the trial court must follow 12 O.S.1981, § 1390. But if a prosecution for contempt is to vindicate the honor and dignity of the court and to compel respect for its authority, it is criminal in nature and must be prosecuted in the name of the State of Oklahoma. The purpose of the civil procedure for contempt is to enforce obedience to the injunction. The purpose of the criminal procedure is to punish the guilty party and vindicate the honor and dignity of the court.

■ The trial court in the case at bar exceeded its authority by imposing a fine and jail sentence before taking the two actions initially authorized by 12 O.S.1981, § 1390. The City of Lawton argues in its brief that the nuisance suit has been protracted by the appellant's willful disregard

of the City's ordinances and willful violation of the trial court's injunction, and by his three failures to appear in court. While this all may be true, it does not affect the outcome of this civil action. A civil suit was filed for indirect contempt due to failure of the appellant to obey an Order of the court enjoining the maintenance of a nuisance. The statute provides a method for the plaintiff-appellee to enforce the injunction granted in its behalf. Although civil enforcement may eventually result in the incarceration of a defendant, other steps must be taken first. Accordingly, this case must be reversed and remanded for disposition not inconsistent with this opinion.

CERTIORARI PREVIOUSLY GRANTED. COURT OF APPEALS DECISION VACATED AND THE JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED.

LAVENDER, SIMMS, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, J., dissent.

DOOLIN, J., disqualified.

OPALA, Vice Chief Justice, with whom HODGES, Justice, joins, dissenting.

Today the court holds that a person convicted of indirect contempt for violating an

---

1. The dissent asserts that the violation of the injunction constituted a public nuisance punishable as a misdemeanor within the meaning of 21 O.S.1981, § 1191. While it is true that maintaining a public nuisance is punishable as a criminal offense, such matter is not before this court. The only remedies for public nuisance are (1) indictment or information, or, (2) a civil action, or (3) abatement. 50 O.S.1981, § 8. The remedy by indictment or information is regulated by the law on crimes and punishment and criminal procedure. 50 O.S.1981, § 9. The statute cited by the dissent is a criminal statute found in title 21, Crimes and Punishments. Being a criminal statute, different procedure and protections apply. The Court of Criminal Appeals has exclusive jurisdiction in criminal cases. Okla.Const. art. 7, § 4; 20 O.S.1981, § 40. Criminal procedure was not followed in the case at bar. The action was brought by an Application for a Citation for Contempt. (O.R. 75). A criminal action for public nuisance must be filed by indictment or information. 50 O.S.

1981, § 8(1). "No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information." Okla.Const. art 2, § 17. Misdemeanors must be prosecuted by information, except as otherwise provided by law. 22 O.S.1981, § 301. An information has certain formal requirements which must be met. The district attorney must subscribe his name to an information; names and addresses of witnesses must be endorsed thereon; and the information must be verified by oath of the prosecuting attorney, complainant or some other person. 22 O.S.1981, § 303. Finally, the prosecutor must establish each and every material element of the crime charged by evidence "beyond a reasonable doubt." *Cole v. State*, 467 P.2d 511 (Okla.Crim.App.1970), *Blake v. State*, 12 Okla.Crim. 549, 160 P. 30 (1916). The jury instructions in the case at bar set the burden of proof as "clear and convincing evidence." (O.R. 125, 129, 130).

injunction against the maintenance of a *public* nuisance may not be imprisoned *unless* the contemnor has first been afforded an opportunity to purge himself of contempt. I must recede from this pronouncement. The *public-law* nature of the proceeding clothed it with a *punitive* purpose, and no legal authority requires that the *sentenced offender* be given a *post-conviction opportunity* to remove the nuisance.

The appellant-contemnor [Owner] stored on his residential property various inoperable motor vehicles and heavy equipment together with a variety of second-hand goods, automotive parts and debris. The appellee [City] declared the site a nuisance and abated it by removing the offensive accumulation.[1] Owner was then enjoined from again using his property in this unlawful manner. A jury later found him guilty of violating the terms of that injunction. After receiving a fine and a 6–month jail sentence (four months were suspended), he appealed; the Court of Appeals affirmed.

On certiorari Owner argues, as he did below, that the provisions of 12 O.S.1981 § 1390 [2] require that he be given the post-

conviction opportunity to avoid incarceration by purging himself of the contempt. While the court agrees with this contention, I do not view § 1390 as a barrier to the contemnor's immediate post-conviction commitment pursuant to the trial court's sentence.[3] *The property's offensive condition*—first removed by City and later recreated by Owner in violation of the injunction decree—*constitutes a public nuisance punishable as a misdemeanor* within the meaning of 21 O.S.1981 § 1191.[4] *That statute affords a violator no post-conviction opportunity to abate the nuisance and escape incarceration.*

Here, City acted on the *public's* behalf in a *public-law* proceeding *to punish* Owner for an adjudicated violation of *public duty*. This cause bears absolutely *no analogy* to *remedial* contempt proceedings prosecuted to enforce a *private party's* rights or to compel a *private* litigant's performance of an act for the benefit of another.[5] Whenever a *governmental agency* seeks enforcement of injunctive relief secured *in behalf of the public*, as it was the case here, *the action's primary purpose is not to benefit an individual but to impose a*

1. See 50 O.S.1981 § 16, whose terms are:
   "*Cities and towns in this state shall have the right and power to determine what is and what shall constitute a nuisance* within their respective corporate limits, and for the protection of the public health, the public parks and the public water supply, shall have such power outside of the corporate limits; *and* wherever it is practical so to do, said *cities and towns shall have the power summarily to abate any such nuisance after notice to the owner, and an opportunity for him to be heard, if this can be given.* [Emphasis added.]"

2. The terms of 12 O.S.1981 § 1390 are:
   "An injunction granted by a judge may be enforced as the act of the court. *Disobedience of any injunction may be punished as a contempt,* by the court or any judge who might have granted it in vacation. An attachment may be issued by the court or judge, upon being satisfied, by affidavit, of the breach of the injunction, against the party guilty of the same, who may be required to make immediate restitution to the party injured, and give further security to obey the injunction; *or, in default thereof, he may be committed to close custody, until he shall fully comply with such*

requirements, or be otherwise legally discharged, *or be punished* by fine not exceeding Two Hundred Dollars ($200.00) for each day of contempt, to be paid into the court fund, or *by confinement in the county jail for not longer than six (6) months,* or by both such fine and imprisonment. This act shall in no way alter the right to trial by jury. [Emphasis added.]"

3. The terms of § 1390 *expressly authorize* the sentence imposed on appellant following his conviction by the jury. For the pertinent terms of 12 O.S.1981 § 1390 see *supra* note 2.

4. The terms of 21 O.S.1981 § 1191 provide:
   "Every person who maintains or commits *any public nuisance,* the punishment for which is not otherwise prescribed, or who willfully omits to perform *any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor.* [Emphasis added.]"

5. See *Morgan v. National Bank of Commerce,* 90 Okl. 280, 217 P. 388 (1923) (the court's syllabus ¶ 2); *Brown v. State,* 89 Okl.Cr. 443, 209 P.2d 715, 716 (1949) (the court's syllabus ¶ 4). See also, *Kelly v. Montebello Park Co.,* 141 Md. 194, 118 A. 600, 602, 603–604 (1922).

*punitive sanction.*[6] Nothing in our legal system mandates that a contemnor be afforded the opportunity to purge himself of a contempt conviction in a *punitive-purpose public-law* proceeding prosecuted by a *governmental agency* for violation of an injunction against the maintenance of a *public* nuisance.[7]

I would affirm the trial court's judgment.

---

6. See *Ex parte Hibler,* 139 Okl. 157, 281 P. 144 (1929) (the court's syllabus ¶ 6).

7. See *Board of Governors, etc. v. Cryan,* Okl., 638 P.2d 437, 439 (1982).