2003 OK CIV APP 101

**STATE of Oklahoma ex rel., OKLA-
HOMA ACCOUNTANCY BOARD,
Plaintiff/Appellee,**

v.

**John Wesley TOWNSHEND, Sr.,
Defendant/Appellant.**

No. 98,385.

Court of Civil Appeals of Oklahoma,
Division No. 1.

July 25, 2003.

Rehearing Denied Aug. 22, 2003.

Rick Duane Chamberlain, Behrens, Taylor, Wheeler, & Chamberlain, Oklahoma City, OK, for Plaintiff/Appellee.

William Ladd Hickman, Hickman & Hickman, Tulsa, OK, for Defendant/Appellant.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 On October 1, 1990, the Oklahoma Accountancy Board, (Board) filed suit to enjoin Appellant, John Wesley Townshend, from holding himself out as a Certified Public Accountant (CPA) in the State of Oklahoma. The district court granted summary judgment in favor of Board, finding Townshend did hold himself out as a CPA in violation of state statute and granted the injunction. On appeal, the Court of Civil appeals affirmed the trial court's order permanently enjoining Townshend from holding himself out as a CPA.

¶ 2 Board filed the present action in the same proceeding seeking to hold Townshend in civil contempt of court for failing to abide by the injunction. It asserted three separate violations of the injunction. After a jury found Townshend guilty of contempt, the court sentenced him to serve 45 days in the custody of the Tulsa County sheriff and deferred execution of the sentence until there was an additional violation of the injunction. The court also entered an order for Townshend to pay Board restitution in the amount of $62,476.00 in attorney's fees and $2,158.77 in costs. Townshend appeals the order compelling restitution in the nature of attorney fees. He does not appeal the finding of contempt nor his sentence.

¶ 3 Title 12 O.S.2001 § 1390 provides:

An injunction granted by a judge may be enforced as the act of the court. Disobedience of any injunction may be punished as a contempt of court or any judge who might have granted it in vacation. An attachment may be issued by the court or judge, upon being satisfied, by affidavit, of the breach of the injunction, against the party guilty of the same, who may be required to make immediate restitution to the party injured, and give further security to obey the injunction; or in default thereof, he may be committed to close custody, until he shall fully comply with such re-quirements, or be otherwise legally discharged, or be punished by fine not exceeding Two Hundred Dollars ($200.00) for each day of contempt, to be paid into the court fund, or by confinement in the county jail for not longer than six (6) months or both such fine and imprisonment. This act shall in no way alter the right to trial by jury.

¶ 4 Townshend contends the attorney fee award was inappropriately labeled restitution and the court was not authorized under the law to enter such an order. He points out the American rule only allows attorney fees when provided for by statute. *Morgan v. Galilean Health Enterprises Inc.,* 1998 OK 130, 977 P.2d 357. However, there are exceptions to the American rule. One well-recognized exception is where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or have placed him in such relation with others as to make it necessary for him to incur attorney's fees to protect his interests, attorney's fees being recoverable in such cases as one of the elements of damages flowing from the original wrongful act of the defendant. *Griffin v. Bredouw,* 1966 OK 226, 420 P.2d 546. Such is the case here. Section 1390 provides for the exception by permitting restitution when a party has accumulated attorney fees while attempting to enforce an injunction by contempt proceedings.

¶ 5 Both parties cite *City of Lawton v. Barbee,* 1989 OK 147, 782 P.2d 927. Therein City brought a contempt action against Barbee for indirect civil contempt of court due to failure of Barbee to obey an order of the court enjoining his maintenance of a nuisance. The trial court sentenced him to six months in jail with a fine. The Supreme Court reversed for the trial court's failure to allow Barbee the opportunity to purge himself pursuant to the two options provided by § 1390. The Court held, relying on *Ex parte Hibler,* 139 Okla. 157, 1929 OK 401, 281 P. 144, § 1390 grants the trial court the authority to do two things. First, it may require immediate restitution to the injured party; and second, it may require further security to obey the injunction. Here, the

trial court did both. For restitution, the court ordered Townshend to pay Board an amount that would reimburse it for the out-of-pocket costs it incurred as the result of Townshend's violation of the injunction. For further security to obey the injunction, the court sentenced Townshend to 45 days in jail, with execution of the sentence suspended so long as Townshend obeyed the injunction.

¶ 6 Both Kansas and Ohio have statutes authorizing restitution in contempt proceedings almost identical to § 1390. Both Kansas and Ohio also adhere to the American Rule. *Farm Bureau Mutual Insurance Com. v. Kurtenbach,* 265 Kan. 465, 961 P.2d 53 (1998); *Warren ex. rel Bluedorn v. Hicks,* 124 Ohio App.3d 621, 707 N.E.2d 15 (1997). In *Holloway v. People's Water Co.* 100 Kan. 414, 167 P. 265, 2 A.L.R. 161, (1917), the Kansas Supreme Court held that restitution, as used in its statute providing that for violation of an injunction the guilty party may be required to make immediate restitution to the injured party, means to restore, reimburse, or make good. It held it was proper, on the defendants' violation of the injunction to fine them and also to require them to compensate the plaintiff for the expenses incurred in the prosecution of the action.

¶ 7 Similarly in a more recent case from Ohio, *Arthur Young & Co. v. Kelly,* 68 Ohio App.3d 287, 588 N.E.2d 233 (1990), the Court also dealt with a statute almost identical to § 1390 providing for restitution to the injured party. In that decision, the plaintiff filed contempt proceedings against a former employee of the accounting firm alleging violations of a preliminary injunction. The Court affirmed the award to plaintiff for costs of prosecuting the order, including attorney fees. The court rejected a narrow reading of the word restitution and instead held that it included damages for losses sustained during and as a consequence of the breach. It held "the authority of the trial court to award the type of monetary damages it did cannot be questioned." Citing *ConTex Inc. v. Consolidated Technologies,*

*Inc.,* 40 Ohio App.3d 94, 531 N.E.2d 1353 (1988), the Court expressly stated, "Even the award of attorney fees has been sanctioned by Ohio law."

¶ 8 In the context of sanctions for contempt in federal courts, *U.S. v. Dinwiddie,* 885 F.Supp. 1299 (W.D.Mo.1995), the court ordered defendant to pay damages equal to the costs, expenses, and attorney fees incurred by the plaintiffs in any activity related to the civil contempt phase of the case. It stated "one genre of exceptions to the American rule is that a court may assess attorney's fees for the willful disobedience of a court order." It explained that a court's discretion to determine the degree of punishment for contempt permits the court to impose as part of the fine, attorney's fees representing the entire cost of litigation.

¶ 9 We are persuaded by the rationale in *Dinwiddie* and in the Kansas and Ohio decisions. Here, as in *Dinwiddie,* we hold there is more than ample justification in the case law for the trial court to order Defendant to pay restitution equal to the costs, expenses, and attorney fees incurred by Plaintiff in the contempt phase of this case as restitution in accordance with § 1390. Contempt proceedings are means through which the courts enforce their lawful orders. It is doubtful that the power of a court to punish for contempt may be arbitrarily limited. Thus great reliance is placed upon a trial court's discretion to punish for contempt. The trial court did not err in awarding attorney fees as restitution under § 1390.[1]

¶ 10 As an additional proposition of error Townshend argues the amount awarded was excessive and unreasonable given the nature of the claim. The trial court found the hourly rates Board paid its counsel to be reasonable for the services rendered. Over Board's objection, the trial court conducted a *Burk*[2] hearing and based its restitutionary award of attorney fees on the standards set out therein. The amount awarded covered

---

1. *But see; Gibbs v. Easa,* 1998 OK 55, 998 P.2d 583 where in an action for direct criminal contempt, the Supreme Court held attorney fees were not authorized as sanctions for criminal contempt. This decision did not address § 1390.

2. *State, ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659.

only the costs incurred in prosecuting the contempt citation, none before. Board's attorney testified, stating, in order to make it whole, Board had to file the contempt proceedings. The attorney charged $150.00 an hour and his associate $90.00 an hour. He provided extensive documentation of his time spent as well as the time spent by Board's previous attorney and what he charged Board to act as its counsel.

¶ 11 As emphasized by Board, the award is entirely different from an attorney fee award as a prevailing party. These charges would be paid to Board as restitution for the money it had expended in enforcing the order of the court, not as a prevailing party. The attorney fees actually paid by Board are probably not subject to modification by the court.

¶ 12 In a different context, the Supreme Court has upheld the power of the government to seek restitution and the lower court's power to grant restitution as an ancillary remedy in the exercise of its general equity powers to afford complete relief. *State ex rel. Day v. Southwest Mineral Energy, Inc.,* 1980 OK 118, 617 P.2d 1334 (citations omitted). Under the facts presented here, the trial court had the inherent equitable power to award attorney fees to compensate Board for necessary expenditures expended because of the noncompliance of Townshend with the court's order. *See, City National Bank & Trust Co. of Oklahoma City v. Owens.,* 1977 OK 86, 565 P.2d 4, 5. Accordingly, we hold the court did not exceed its jurisdiction, powers, or discretion in awarding the amount of attorney fees it gave to Board. *See, Falkner v. Thompson,* 1978 OK CIV APP 49, 585 P.2d 403.

¶ 13 AFFIRMED.

JONES, J., and MITCHELL, P.J., concur.