**HETRONIC INTERNATIONAL, INC., Plaintiff Counterclaim Defendant-Appellant,**

v.

**Torsten REMPE, Defendant Counterclaimant-Appellee,**

and

**AZ CS Inc., Defendant-Appellee.**

No. 16-6307

United States Court of Appeals, Tenth Circuit.

Filed August 31, 2017

(D.C. No. 5:14-CV-00787-F) (W.D. Oklahoma)

Debbie L. Berman, Wade A. Thomson, Jenner & Block, Jenner & Block, Philip R. Bruce, John N. Hermes, Esq., McAfee & Taft, Oklahoma City, OK, for Plaintiff Counterclaim Defendant-Appellant

AZ CS Inc., Scottsdale, AZ, for Defendant-Appellee

Torsten Rempe, Pro Se

Matthew W. Brockman, David A. Elder, Elizabeth A. Price, Hartzog Conger Cason & Neville, Oklahoma City, OK, for Defendant

Before PHILLIPS, McKAY, and McHUGH, Circuit Judges.

### ORDER AND JUDGMENT *

Monroe G. McKay, Circuit Judge

Plaintiff Hetronic International, Inc., appeals the district court's denial of its request for attorneys' fees *qua* compensatory damages. Plaintiff had sued Defendants Torsten Rempe and AZ CS Inc. for, among other things, breach of employment contract, breach of fiduciary duty, tortious interference, conspiracy, fraud, and unfair competition. Defendants defaulted, and the district court set a hearing on damages. In a brief filed prior to the hearing, Plaintiff explained that it sought $4.4 million in actual damages, including $3.1 million for attorneys' fees. Plaintiff made clear it was not seeking fees as the prevailing party, in contravention of the American Rule, or under some fee-shifting statute, but as compensatory damages under Oklahoma tort law. It cited to evidence that, as a result of Defendants' misconduct, Plaintiff had needed to file a lawsuit against two third parties to protect its interests, and that it had paid over $3.1 million to prosecute that collateral lawsuit. At the hearing on damages, Plaintiff presented more, uncontroverted evidence that Plaintiff had incurred at least $3.1 million in attorneys'

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fees and costs because of Defendants' misconduct.

Under Oklahoma law, "where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or have placed him in such relation with others as to make it necessary for him to incur attorney fees to protect his interests, attorney fees [are] recoverable in such cases as one of the elements of damages flowing from the original wrongful act of the defendant." *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 11 P.3d 162, 181 (Okla. 2000) (citing *Griffin v. Bredouw*, 420 P.2d 546, 547 (Okla. 1966)); *see also Sec. State Bank of Comanche v. W.R. Johnston & Co.*, 204 Okla. 160, 228 P.2d 169, 173 (1951) ("Where the natural and proximate consequence of a wrongful act has been to involve plaintiff in litigation with others, there may, as a general rule, be a recovery in damages against the author of such act of the reasonable expenses incurred in such litigation, together with compensation for attorneys' fees.") Attorneys' fees are recoverable "in such cases as one of the elements of damages flowing from the original wrongful act of the defendant." *Barnes,* 11 P.3d at 181. In this context, attorneys' fees are thus recoverable as damages in the same way that medical costs would be in a personal injury action.

Nonetheless, the district court declined to award Plaintiff *any* damages to compensate for the $3.1 million in attorneys' fees. Applying the lodestar approach from federal fee-shifting statutes, the court reasoned that Plaintiff had needed to introduce additional evidence that the fees it paid were "reasonable." (Appellant's App. at 165–68.) According to the district court, the "fee claim fails at the outset" because Plaintiff had failed to introduce evidence showing what work was "reasonably necessary, what was a reasonable amount of time to devote to those tasks," as well as the prevailing market rate. (*Id.* at 166–67.) Thus, the court declined to award Plaintiff any damages to compensate for the $3.1 million in attorneys' fees incurred in collateral litigation due to Defendants' misconduct.

However, Oklahoma courts have not applied the lodestar approach to cases where a party seeks to recover fees paid in another lawsuit as damages. *See, e.g., State ex. rel. Okla. Accountancy Bd. v. Townshend*, 81 P.3d 75, 77–78 (Okla. Civ. App. 2003). Nor does the lodestar approach fit this situation. Attorneys' fees *qua* damages, like any other form of compensatory damages, are meant to make the injured party whole. By contrast, fee-shifting statutes were meant "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws"—*not* "to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

As compensatory damages, attorneys' fees should be treated like contract-based claims for attorneys' fees. Attorneys' fees based on a fee-shifting provision in a contract, we have recognized, are not subject to the same scrutiny as fee-shifting-statute fees "because the purpose of an award of attorneys' fees under the federal civil rights acts or other statutes is fundamentally different from the purpose of a contract for fees between parties in a commercial agreement." *U.S. ex rel. C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1547 (10th Cir. 1987). Instead, district courts should review requests for contract-based attorneys' fees "consistent with the purpose of the contract provision: to make the non-breaching

party whole." *Id.* Similarly, the district court here should have reviewed Plaintiff's request for attorneys' fees consistent with the purposes of tort law: to compensate the victim.

As to the amount of damages Plaintiff is entitled to, we cannot agree with Plaintiff that the "proper measure of compensatory damages for attorneys' fees paid in collateral litigation" is *necessarily* "the amount of fees the plaintiff *actually paid* in that litigation." (Appellant's Op. Brief at 30 (emphasis in original).) After all, "[d]amages must, *in all cases*, be reasonable." Okla. Stat. tit. 23, § 97 (emphasis added); *see also W.R. Johnston & Co.*, 228 P.2d at 173. That said, the amount actually paid is not a bad place to start. In Oklahoma, "[f]or the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not." Okla. Stat. tit. 23, § 61; *see also Townshend*, 81 P.3d at 77–78 (recognizing where a party sought its fees as "restitution for the money it had expended in enforcing the order of the court" that "attorney fees actually paid by [the] Board are *probably not subject to modification.*" (emphasis added)).

We therefore **REVERSE** and **REMAND** for further proceedings on damages. Appellant's motion for leave to file appendix documents under seal is granted.

