Matthias, J.
 

 This action was instituted in the court of common pleas of Cuyahoga county. It is a suit for the recovery of compensation claimed to be due the plaintiff, John H. Bilkey, for his services as marshal of the village of South Euclid for the period of two years, being from January 1, 1930, to December 31, 1931. Bilkey, the plaintiff, was elected marshal at the general election in November, 1929, for a term of two years, beginning January 1,1930. He had been elected to and served the preceding term of two years for which he had been paid a salary of $3,000, payable in monthly installments, under the provisions of an ordinance enacted November 28, 1927. On November 20, 1929, the village council enacted a new salary ordinance in which the annual salary of the marshal was fixed at $10.
 

 This suit is predicated upon the former ordinance, plaintiff’s contention being that the later ordinance is “an unwarranted, arbitrary and unreasonable exercise of authority by the Council and * * * illegal, invalid and unconstitutional legislation — unduly oppressive upon the Plaintiff.”
 

 The court of common pleas found for the plaintiff and rendered judgment accordingly, which judgment was affirmed by the Court of Appeals. The record is
 
 *507
 
 now before this court for review, a motion to certify having been sustained.
 

 The statute relating to compensation of village officers is Section 4219, General Code, and is as follows: “Council shall fix the compensation and bonds of all officers, clerks and employes in the village government, except as otherwise provided by law. All bonds sháll be made with sureties subject to the approval of the mayor. The compensation so fixed shall not be increased or diminished during the term for which any officer, clerk or employe may have been elected or appointed. Members of council may receive as compensation the sum of two dollars for each meeting, not to exceed twenty-four meetings in any one year.”
 

 The provisions governing the change of compensation are substantially the same as are contained in Section 4213, General Code, considered in
 
 Holcomb
 
 v.
 
 Coxey, ante,
 
 496, 186 N. E., 99, this day decided. For the reasons there stated, changes in the compensation of a village officer may be made subsequent to his election, if the ordinance making such change be regularly enacted and in effect prior to the date of the beginning of his term of office.
 

 The section above quoted confers full and complete authority upon the village council to fix the salaries of all officers, clerks and employes. Its action pursuant to that authority was regular and valid in every respect. It was effective prior to the beginning of the term of Bilkey as marshal. He accepted the office knowing the compensation. The trial court was not authorized to try the case as one on
 
 quantum meruit,
 
 and evidence adduced, apparently on that theory, was not competent for any purpose. The action of the village council was within the power expressly conferred. The wisdom and the policy of legislation, or the motives of members of the legislative tribunal, are not subject to review by the court. 19 Ruling Case Law, pages 805 and 904, and cases cited. Dillon on Munic
 
 *508
 
 ipal Corporations (5th. Ed.), vol. 2, Section 580; Mc-Quillan on Municipal Corporations (2d Ed.), vol. 2, Section 760.
 

 The record in this case discloses a political controversy and that the marshal’s compensation was an issue in the campaign. It is conceded there was no fraud or official misconduct. The amount of salary was the subject of the controversy and that is within the exclusive jurisdiction and control of the village council.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Allen, Stephenson and Jones, JJ., concur.
 

 Kinkade, J., not participating.