THE STATE, EX REL. LIPOVSKY ET AL., APPELLANTS, *v.* KIZAK, CLERK, VILLAGE OF TWINSBURG, APPELLEE.

[Cite as State, ex rel. Lipovsky, v. Kizak, 15 Ohio St. 2d 27.]

(No. 68-236—Decided June 19, 1968.)

28

*Messrs. Rudd, Ober & Miller* and *Mr. Benjamin B. Sheerer,* for appellants.

*Mr. Edward C. Smolk,* director of law, for appellee.

ZIMMERMAN, J. Section 731.30, Revised Code, provides in part:

"* * * emergency ordinances or measures necessary for the immediate preservation of the public peace, health, or safety in such municipal corporation, shall go into immediate effect. Such emergency ordinances or measures must, upon a yea and nay vote, receive a two-thirds vote of all the members elected to the legislative authority, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure."

It was held in the case of *Youngstown* v. *Aiello,* 156 Ohio St. 32, 36, 100 N. E. 2d 62, 65, that "where a legislative measure, passed * * * by the council of a municipality, is declared to be an emergency measure necessary for the preservation of the public peace, health or safety and sets

forth the reasons for the immediate necessity thereof, such determination is not reviewable by the courts, the duty and responsibility of such determination having been confided to the legislative branch of the government. * * *''

That case goes on to hold that ''it is mandatory that the legislative body must consider, determine and announce the reason for such necessity and that the same be set forth in one section of the ordinance or other measure.''

The challenged ordinance specifically states in the preamble that ''an emergency exists for the immediate preservation of the public peace, property, health and safety.''

Another section of the ordinance, following the preamble, declares the purpose to be ''to provide funds for * * * municipal operations, maintenance, new equipment, extension and enlargement of municipal services and facilities and capital improvements * * *.''

Section 2 thereof, in purported compliance with Section 731.30, Revised Code, recites:

''That this ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, property, health and safety by providing for the immediate levying of a municipal income tax in order to obtain essential revenue for the functions of the village government * * *.''

According to the minutes of the Twinsburg city council, received in evidence as an exhibit on the part of both the relators and the respondent, a discussion took place among the members of the council as to why the ordinance was necessary and as to why it should take immediate effect. Among the reasons advanced were that the financial condition of the village was bad and was retrogressing due to the loss of tax revenues; that an income tax would be the fairest means of attempting to rectify the situation; that the maintenance of an efficient police department, with adequate pay for its members, was imperative; and that it was also imperative to replace old and worn out fire department equipment for the protection of the property of the village and that of its inhabitants.

Upon the basis of the above statements, we agree with the Court of Appeals "that the council complied with the provisions of Section 731.30, Revised Code, in considering, determining and announcing the reasons for the necessity of the ordinance becoming immediately effective, and that there has been a substantial compliance with the statutes."

We find no real merit in relators' contention that the ordinance is invalid as an emergency measure because it was enacted on December 12, 1967, and its operation began on January 1, 1968. The ordinance itself states that "it shall take effect and be in force from and after its passage; otherwise, it shall take effect and be in force from and after the earliest period allowed by law."

The term, "immediate effect," as used in Section 731.-30, Revised Code, is relative and is not synonymous with "instant effect." "Immediate," generally means within a reasonable time, considering all the circumstances..

The elapse of 20 days from the passage of the ordinance and its operative effect was not an unreasonable length of time and doubtless was necessary to set up the machinery and facilities to enforce the taxing provisions of the ordinance and to allow those affected to prepare for the payment of the tax.

We are in agreement with the Court of Appeals that the emergency ordinance became effective on December 12, 1967, the date of its passage, even though the collection of the tax was postponed until January 1, 1968.

No error appearing in the judgment of the Court of Appeals, that judgment is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.