CREED, Appellant,

v.

CITY OF HUBBARD et al., Appellees.

[Cite as *Creed v. Hubbard* (1992), 78 Ohio App.3d 461.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4509.

Decided March 2, 1992.

*Michael A. Bernard,* for appellant.

*Kenneth H. Inskeep,* Law Director, for appellees.

CACIOPPO, Judge.

Thomas Creed, plaintiff-appellant, is a taxpayer who resides in the city of Hubbard, defendant-appellee. Creed filed a taxpayer's suit, pursuant to R.C. 733.59, against Hubbard and its mayor, auditor and treasurer. The basis of the complaint was to challenge an in-term pay increase granted to the mayor.

On July 17, 1989, Hubbard, a non-charter municipality, passed an ordinance granting the mayor an in-term pay increase. This ordinance was one of nine ordinances passed by one vote. After passage, a summary of the ordinance was published once in the *Hubbard News* and also posted around the city.

Both parties filed motions for summary judgment. The trial court denied appellant's motion and granted appellees' motion for summary judgment. The trial court found that the ordinance was properly passed and adopted by Hubbard City Council, that Hubbard properly published the ordinance, and that Creed's complaint was improperly titled because this type of suit must be brought on behalf of the municipality.

Creed appeals raising four assignments of error:

"1. The trial court errored [*sic*] as a matter of law in ruling that Hubbard's City Ordinance No. 29–89 was not contrary to section 731.07 of the Ohio Revised Code prohibiting same [*sic*].

"2. The trial court errored [*sic*] as a matter of law in ruling that the City of Hubbard had complied with section 731.19 of the Ohio Revised Code requiring separate votes.

"3. The trial court errored [*sic*] as a matter of law in ruling that the City of Hubbard had complied with sections 731.21, 731.22, and 7.12 of the Ohio revised Code requiring publication.

"4. The trial court errored [*sic*] as a matter of law in determining the within action was not brought on behalf of the municipal corporation."

■ When reviewing the grant of a motion for summary judgment, we must follow the standard set forth in Civ.R. 56(C). In order to affirm the trial court's judgment, we must determine that no genuine issue as to any material fact remains to be litigated; that the moving party is entitled to judgment as a matter of law; and that it appears from the evidence that reasonable minds can come to but one conclusion, and viewing that evidence most strongly in favor of the nonmoving party, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273. We will apply this standard to each of appellant's assignments of error.

■ In his first assignment of error, Creed alleges that the council illegally granted an in-term pay increase to the mayor. Appellant asserts that R.C. 731.07 prohibits this action:

"The salary of any officer of a city shall not be increased or diminished during the term for which he was elected or appointed. This section does not prohibit the payment of any increased costs of continuing to provide the identical benefits provided to an officer at the commencement of his term of office.

"Unless otherwise provided, all fees pertaining to any office shall be paid into the city treasury."

■ Whenever possible, the general law and municipal ordinances shall be harmonized. *Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 377, 15 O.O.3d 450, 451, 402 N.E.2d 519, 521. If the two are in conflict, the general law controls procedural matters. *Id.*, paragraph one of the syllabus. The municipality's law governs substantive local self-governmental matters. *Id.* at 383, 15 O.O.3d at 455, 402 N.E.2d at 524.

When a city determines that its officers' compensation should be increased, that is a matter of local concern. However, the time for payment of that increase is a procedural matter and is governed by general laws, namely, R.C. 731.07. This section prohibits in-term pay increases for a city official, as took place in this case. Therefore, the trial court erred in finding that R.C. 731.07 did not apply and erred in granting summary judgment. The first assignment of error is well taken.

█ In his second assignment of error, Creed alleges that the council improperly voted on and passed the ordinance providing for the in-term pay raise. The record clearly reflects that this ordinance was one of many adopted by a single vote.

R.C. 731.19 provides as follows:

"No ordinance, resolution, or bylaw shall contain more than one subject, which shall be clearly expressed in its title. No bylaw or ordinance, or section thereof, shall be revived or amended, unless the new bylaw or ordinance contains the entire bylaw, ordinance, or section revived or amended, and the bylaw, ordinance, or section so amended shall be repealed. Each such bylaw, resolution, and ordinance shall be *adopted or passed by a separate vote of the legislative authority* of a municipal corporation and the yeas and nays shall be entered upon the journal." (Emphasis added.)

The council clearly did not follow the mandate of R.C. 731.19 requiring a separate vote for each ordinance. The second assignment of error is well taken.

█ In his third assignment of error, Creed asserts that the trial court erred by finding that Hubbard had properly complied with publication requirements. A question of material fact exists as to whether publication in the *Hubbard News* meets the statutory requirement. Therefore, the trial court erred in granting summary judgment. The third assignment is well taken.

█ In his fourth assignment of error, Creed asserts that the trial court erred in finding that this action was not brought on behalf of a municipal corporation, as required by R.C. 733.59, which states:

"If the village solicitor or city director of law fails, upon written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. * * * No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

This section requires that a taxpayer suit be brought on behalf of the municipal corporation. It is also clear, from a fair reading of Creed's

complaint, that this action was brought on behalf of Hubbard, a municipal corporation. See 88 Ohio Jurisprudence 3d (1981) 91, Taxpayer's Actions, Section 74. The trial court should allow errors in the form of the caption to be cured by amendment of the pleadings. *Id.* The fourth assignment of error is well taken.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and HENDRICKSON, J., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, and WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, sitting by assignment.