WALSH, Sheriff, Appellee,

v.

BOLLAS, Appellant.

[Cite as *Walsh v. Bollas* (1992), 82 Ohio App.3d 588.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–149.

Decided Sept. 21, 1992.

*Steven C. LaTourette*, Lake County Prosecuting Attorney, and *Michael P. Brown*, Assistant Prosecuting Attorney, for appellee.

*Thomas L. Sartini*, for appellant.

---

EDWARD J. MAHONEY, Judge.

This is an accelerated calendar case. Appellant, Richard A. Bollas, is appealing an October 1, 1991 opinion and judgment entry of the Lake County Court of Common Pleas, sitting in an appellate capacity, which reversed the Ohio State Personnel Board of Review's order reinstating appellant, and rendering the employment contract between appellant, Bollas, and appellee, Patrick J. Walsh, Lake County Sheriff, void.

The parties stipulated to the pertinent facts in this case. Appellant was employed as a corrections officer with the Lake County Sheriff's Office on April 5, 1989 due to his successful completion of the hiring process and recommendation of the jail administrator. A person lawfully holding that position is a classified employee as defined in R.C. 124.11. Under R.C. 124.01, the Lake County Sheriff's Department is the appointing authority, and Patrick J. Walsh is the duly elected sheriff of appellee.

Appellant is appellee's son-in-law. Appellee's best recollection is that appellant was residing with him on the date appellant was hired. Although appellant does not recall where he was living on the date he was hired, he is unable to dispute appellant's best recollection.

The parties further stipulated that appellant, at all times, performed his job duties in an exemplary and commendable manner. None of the examples of misconduct contained in R.C. 124.34 applies to appellant.

On June 15, 1990, appellant was removed from the service of the Lake County Sheriff's Office. There was no procedural order of removal filed with the employee, the Ohio Department of Administrative Services, or the State Personnel Board of Review.

Appellant filed a timely appeal with the state personnel board of review on June 18, 1990. The matter was to be heard on October 30, 1990, but the parties submitted joint stipulations of fact. The administrative law judge concluded appellant was a classified employee and as such was entitled to the protection of R.C. Chapter 124. When an order of removal stating the reason for the removal is issued to a classified employee, that order must be filed with the Director of Administrative Services and the state personnel board.

The parties agreed that no such order was given to the employee nor was it filed with the Department of Administrative Services or the State Personnel

Board of Review. Based on these conclusions, the administrative law judge determined that appellant was not properly removed. Thus, she recommended that appellant's removal be disaffirmed and that he be reinstated effective June 15, 1990. The State Personnel Board of Review adopted the recommendation of the administrative law judge and ordered the removal to be disaffirmed and reinstatement effective June 15, 1990.

Appellee appealed the State Personnel Board of Review's order to the Lake County Court of Common Pleas. In addition, on December 31, 1990, appellee filed a complaint for declaratory judgment requesting the court to determine whether the contract of employment between appellee and appellant was void and whether appellant could be re-employed given the circumstances.

Appellant filed a motion for summary judgment on March 14, 1991, which was subsequently denied on March 26, 1991.

This matter was set for oral hearing on June 5, 1991, but the parties agreed to submit this matter on briefs. Both parties timely filed their briefs. Appellee filed an amended complaint with leave on July 11, 1991.

On October 1, 1991, the court of common pleas filed its opinion and judgment entry. The court determined that the contract of employment was void. Therefore, the State Personnel Board of Review's order of reinstatement was without legal force, and the appeal of appellee was reversed. Thus, the declaratory judgment was granted in favor of appellee.

Appellant timely appealed the October 1, 1991 judgment and now raises four assignments of error:

"1. The Court of Common Pleas erred to the prejudice of appellant in misapplying Ohio Ethics Commission Advisory Opinion # 80–001 to the stipulated facts of this matter and in not considering appellant's challenge of the residency terminology.

"2. The Court of Common Pleas erred to the prejudice of appellant in failing to consider Ohio Revised Code 2921.42(C).

"3. The Court of Common Pleas erred to the prejudice of appellant in declaring appellant's contract of employment void *ab initio*.

"4. The Court of Common Pleas erred to the prejudice of appellant in denying the authority and jurisdiction of the State Personnel Board of Review to determine appellant's claim relative to improper dismissal."

In the first assignment of error, appellant contends that the court of common pleas misapplied the Ohio Ethics Commission Advisory Ops. No. 80–001 to the stipulated facts of this matter and in not considering appellant's challenge of the residency terminology.

R.C. 2921.42 provides in pertinent part:

"(A) No public official shall knowingly do any of the following:

"(1) Authorize, or employ the authority or influence of his office to secure authorization of any *public contract* in which he, *a member of his family,* or any of his business associates has an interest * * *." (Emphasis added.)

The Fourth Appellate District has found that employment contracts are included in the term "public contract." *In re Removal of Ron Steed* (July 27, 1989), Lawrence App. No. 1909, unreported, at 4. Moreover, the county sheriff is clearly a "public official" since he is an elected officer of a political subdivision of the state. R.C. 2921.01; 1985 Ohio Ethics Commission Advisory Ops. No. 85-015. The Ohio Ethics Commission specifically said in that advisory opinion that R.C. 2921.42 prohibited a county sheriff from authorizing a contract for employment of his family member as a public employee. *Id.* at 3.[1]

The Ohio Ethics Commission defined family member as including, but not limited to:

" * * * a) grandparents; b) parents; c) spouse; d) children, whether dependent or not; e) grandchildren; f) brothers and sisters; and g) *any person related by blood or marriage and residing in the same household.*" (Emphasis added.) 1980 Ohio Ethics Commission Ops. No. 80-001, at 1.

The key to this assignment becomes whether appellant was "residing" with appellant at the time he began his employment.

The parties stipulated that appellant was appellee's son-in-law. They also stipulated that "it is [appellee's] best recollection and belief that [appellant] was residing in [appellee's] home on April 5, 1989, the date of hire." Further, the parties stipulated that "[appellant] cannot honestly recall for sure where he was living on the date of hire. He thought he was separated but is not really sure and he therefore has no reason to dispute [appellee's] best recollection."

---

1. The author does not believe that we reach the issue of whether the Ohio Ethics Commission may constitutionally by an advisory opinion under R.C. 102.08 narrow or broaden the statutory language (*i.e.,* "member of his family"). Arguably, the language is facially vague as to who is included in the class of persons to be known as a "member of his family." Who determines legislative intent, the commission or the courts? Neither party to this action claims that a son-in-law is not a member of the sheriff's family. This opinion should not be interpreted as determining that the "family member" must reside in the same household. I believe we can only assume it for purposes of the issues raised by these assignments of error, which are based upon stipulated facts. I, therefore, have reserved discussion of legislative intent until confronted by a more appropriate fact situation. That reservation does not affect the outcome of this particular case since a contrary view would not require residency in the same household.

Appellant in his brief tries to distinguish between residing and living. Basically, he argues for the first time on appeal that his living arrangement with appellee was temporary in nature and, thus, did not constitute "residing."

Based on the stipulations, this court does not find that the court of common pleas erred in determining that appellant resided with appellant at the time he was employed. The first assignment is without merit.

In the second assignment, appellant argues that the court of common pleas erred to the prejudice of appellant in failing to consider R.C. 2921.42(C).

R.C. 2921.42(C) states:

"This section does not apply to a public contract in which a public servant [or] member of his family * * * has an interest when *all* of the following apply:

"(1) The subject of the public contract is necessary supplies or services for the political subdivision or governmental agency or instrumentality involved;

"(2) The supplies or services are unobtainable elsewhere for the same or lower cost, or are being furnished to the political subdivision or governmental agency or instrumentality as part of a continuing course of dealing established prior to the public servant's becoming associated with the political subdivision or governmental agency or instrumentality involved;

"(3) The treatment accorded the political subdivision or governmental agency or instrumentality is either preferential to or the same as that accorded other customers or clients in similar transactions;

"(4) The entire transaction is conducted at arm's length, with full knowledge by the political subdivision or governmental agency or instrumentality involved, of the interest of the public servant, member of his family, or business associate, and the public servant takes no part in the deliberations or decision of the political subdivision or governmental agency or instrumentality with respect to the public contract." (Emphasis added.)

Although R.C. 2921.42(C) provides an exception to the general rule of prohibition, the present situation does not meet all of the criteria necessary for the exception to apply. R.C. 2921.42(C)(2) requires that services be unobtainable elsewhere for the same or lower cost. The record does not demonstrate that services were unobtainable for the same or lower cost.

Since at least one of the requirements has not been met, the exception does not apply. The second assignment is without merit.

In the third assignment, appellant contends that the court of common pleas erred to the prejudice of appellant in declaring appellant's contract of employment void *ab initio.*

Black's Law Dictionary (6 Ed.1990) 1574, defines *"void ab initio"* as:

"A contract is null from the beginning if it seriously offends law or public policy in contrast to a contract which is merely voidable at the election of one of the parties to the contract."

The court of common pleas determined in its October 1, 1991 opinion and judgment entry that "the hiring of [appellant] was clearly in violation of the statute [R.C. 2921.42]." Thus, the court determined that the contract was void. As a void contract, the court of common pleas was correct in determining that appellant was not entitled to procedural guarantees under R.C. Chapter 124 because no rights may arise from an illegal contract.

Therefore, the third assignment is without merit.

Finally, in appellant's fourth assignment he argues that the court of common pleas erred in denying the authority and jurisdiction of the State Personnel Board of Review to determine appellant's claim relative to the alleged improper dismissal.

The court of common pleas correctly notes that since the employment contract is void, the State Personnel Board of Review was without jurisdiction to hear and determine the rights of appellant.

R.C. 124.34 provides due process rights for classified employees. Although the parties stipulated that appellant was a classified employee under R.C. 124.11, the parties cannot by stipulation give appellant a status contrary to law. Since the contract is void, no rights may arise from it including those in R.C. 124.34. The fourth assignment is without merit.

Having addressed all assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOSEPH E. MAHONEY and HENDRICKSON, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, sitting by assignment.