CITY OF WARREN ex rel. BLUEDORN et al., Appellees,

v.

HICKS, Law Dir., et al., Appellees; Citizens–In–Action, Appellant.

[Cite as *Warren ex rel. Bluedorn v. Hicks* (1997), 124 Ohio App.3d 621.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 97–T–0008.

Decided Dec. 29, 1997.

---

Ohlin & Scher Co., L.P.A. and Joseph D. Ohlin, for plaintiffs-appellees.

*Richards & Meola* and *William J. Meola*, for defendants-appellees.

*L. Steven Robinson, Sr.*, for intervenor-appellant.

CACIOPPO, Judge.

This is an appeal from the Trumbull County Court of Common Pleas. Appellant-defendant-intervenor, Citizens–in–Action, appeals from a judgment of the trial court granting the motion for preliminary and permanent injunction of appellees-relators, Samuel F. Bluedorn ("Bluedorn"), Charles E. Ohlin ("Ohlin"), and James R. Scher ("Scher"), to enjoin the adoption and enforcement of initiative ordinances re-setting the compensation of elected officials in Warren, Ohio, including appellees-defendants-respondents: Gregory V. Hicks ("Hicks"), Law Director; David Griffing ("Griffing"), Auditor; Patricia Leon–Games ("Leon–Games"), Treasurer; and Henry Angelo ("Angelo"), Mayor. The complaint, styled as a taxpayer's lawsuit, R.C. 733.59, and seeking injunctive relief, was filed by appellees-relators on behalf of the city of Warren ("plaintiff") against appellees-defendants-respondents Hicks, Griffing, Leon–Games, and Angelo on November 22, 1996. The trial court permitted appellant to intervene on November 27, 1996 as a co-defendant. In addition to seeking reversal of the lower court's judgment, appellant appeals the trial court's overruling of its motion for attorney fees.

On December 27, 1995, the Warren City Council, a non-charter municipality, passed ordinances granting pay increases for elected officials effective for their terms running from January 1, 1996 to December 31, 1999.[1] The ordinances were passed via emergency legislation under R.C. 731.30, and were published on January 23, 1996 and January 30, 1996.

On November 5, 1996, the citizens of Warren, by a referendum initiated by appellant, passed initiative ordinances effectively re-setting the salaries of the elected officials at lower compensation levels.

On November 22, 1996, appellees-relators Bluedorn, Ohlin, and Scher, taxpayers of Warren and attorneys, filed a lawsuit on behalf of the city against appellees-defendants-respondents Hicks, Griffing, Leon–Games, and Angelo.[2] In the complaint, the appellees-relators sought an order to (1) have the initiated ordinances declared invalid, void, unconstitutional, and an abuse of the corporate powers of the city, and (2) enjoin defendants, their employees, agents, and

---

1. According to Hicks, the prior ordinances expired on December 31, 1995, and did not contain any "sunset" provisions.

2. R.C. 733.59.

representatives from taking any action to implement the initiative ordinances passed by the citizens of Warren. The trial court conducted a hearing on November 27, 1996, at which time the court allowed appellant to intervene as co-defendant/co-respondent. Additional hearings were conducted on December 16 and 17, 1996.

On December 19, 1996, the trial court ruled in favor of appellees-relators, and ordered "that all four initiative ordinances of the intervening Defendants, Citizens in Action, be and the same are declared void, unconstitutional and in violation of [R.C. 731.07]; that Ordinance Numbers 10855/6195, 10859/6195, 10860/6195 and 10861/6195 passed by the Warren City Council are declared to be adopted and passed pursuant to law and remain the authority for establishing the salaries of the officials involved; that reference to the opinion of the Ethics Commission and the charges by the Citizens Committee of unethical behavior are misplaced in this case. If they have merit, those claims belong in another forum. The Ethics Commission's opinion to which the director made reference is not a legal finding but merely an advisory one."

■ Appellant filed a timely notice of appeal, and raises the following assignments of error:

"[1.] The trial court erred when it found that Warren City Ordinance Numbers 10855/6195, 10859/6195, 10860/6195 and 10861/6195 were adopted pursuant to law.

"[2.] The trial court erred to the prejudice [of appellant] when the court declared thee [sic] initiative ordinances void[,] unconstitutional and in violation of [R.C.] 731.07.

"[3.] The trial court erred when it ruled that reference to the opinions of the Ohio Ethics [Commission] are [sic] misplaced in this forum.

"[4.] The trial court erred to the prejudice of [appellant] when the court denied the grant of attorney fees to [appellant's] attorneys." [3]

■ We will address the assigned errors out of order. Appellant's second assignment is not well taken. Section 20, Article II of the Ohio Constitution states that the salary of an officer shall not be changed during his/her existing term "unless the office be abolished." R.C. 731.07 provides, in part, that "[t]he salary of any officer of a city shall not be *increased or diminished* during the term for which he was elected or appointed." (Emphasis added.) In *Creed v.*

---

**3.** Procedurally, appellant failed to comply with App.R. 3(D) by attempting to appeal from two separate judgment entries in a single notice of appeal. However, in the interest of justice we will review appellant's arguments.

*Hubbard* (1992), 78 Ohio App.3d 461, 605 N.E.2d 415, affirmed, *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 659 N.E.2d 781,[4] this court held:

"Whenever possible, the general law and municipal ordinances shall be harmonized. *Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 377, 15 O.O.3d 450, 451–452, 402 N.E.2d 519, 521. If the two are in conflict, the general law controls procedural matters. *Id.*, paragraph one of the syllabus. The municipality's law governs substantive local self-governmental matters. *Id.* at 383, 15 O.O.3d at 455–456, 402 N.E.2d at 524–525.

"When a city determines that its officers' compensation should be increased, that is a matter of local concern. However, the time for payment of that increase is a procedural matter and is governed by general laws, namely R.C. 731.07. This section prohibits in-term pay increases for a city official * * *." *Id.* at 463–464, 605 N.E.2d at 417.

Enforcement of the initiative ordinances would have changed the compensation of the elected officials in the midst of their respective terms, in derogation of Section 20, Article II of the Ohio Constitution, and in contradiction of R.C. 731.07. The Ohio Supreme Court stated in *State ex rel. Singer v. Cartledge* (1935), 129 Ohio St. 279, 285, 2 O.O. 194, 194, 195 N.E. 237, 239 that "[a]n initiated law or ordinance of a non-chartered city * * * has no greater sanctity than legislation adopted by a city council." Consequently, the trial court did not err by holding that the initiated ordinances were unconstitutional, void, and in violation of R.C. 731.07. Appellant's second assignment of error is without merit.

The first assigned error is baseless for three reasons. First, under Section 3, Article XVIII of the Ohio Constitution, a municipality has the authority to exercise all powers of local self-government and to adopt and enforce laws not in conflict with general laws. However, that authority is not unmitigated, as stated by the court in *Benevolent Assn. v. Parma*, at paragraph one of the syllabus:

"An Ohio municipality which has not adopted a charter for its government, as authorized by Section 7 of Article XVIII of the Constitution of Ohio, must, in the passage of legislation, follow the procedure prescribed by statutes enacted pursuant to the mandate of Section 2 of Article XVIII of the Constitution.* * * "

Appellant concedes that *S. Euclid v. Bilkey* (1933), 126 Ohio St. 505, 186 N.E. 101, upholding an ordinance effecting a pre-term pay increase, supports appellees' position. In *Bilkey* at paragraph one of the syllabus, the court held that "changes in the compensation of a village officer may be made subsequent to his

---

**4.** In *Hubbard ex rel. Creed v. Sauline* at 405, 659 N.E.2d at 784, the Supreme Court stated that the holding in *Creed v. Hubbard* was the law of the case.

election, if the ordinance making such change be regularly enacted and in effect prior to the date of the beginning of his term of office." See, also, *Bry v. Rocky River* (Apr. 1, 1976), Cuyahoga App. No. 34668, unreported, at 6, 1976 Ohio App. LEXIS 8315. Thus, the action taken by the city council in this case is not unprecedented.

Second, appellant relies on R.C. 731.13, which governs compensation and bonds of village officers and employees. However, the time requirement in that statute expressly applies to villages, not cities, and is not applicable in the case *sub judice.*

■ Third, the trial court here was compelled to defer to the council's legislative determination of the existence of an emergency. In *State ex rel. Moore v. Abrams* (1991), 62 Ohio St.3d 130, 580 N.E.2d 11, the court stated that " '[w]here an ordinance, passed by the council of a municipality, is declared to be an emergency in accordance with that municipality's laws and sets forth the reasons for the immediate necessity thereof, the legislative determination of the existence of an emergency is not reviewable by a court.' " *Id.* at 132, 580 N.E.2d at 12, quoting *Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, 519 N.E.2d 347, paragraph three of the syllabus. The rationale for the rule is stated, in part, as follows:

" 'If there was in fact no emergency or if the reasons given for such necessity are not valid reasons, the voters have an opportunity to take appropriate action in the subsequent election of their representatives. However, the existence of an emergency or the soundness of such reasons is subject to review only by the voters at such a subsequent election of their representatives. They are not subject to review by the courts.' " *Abrams* at 132, 580 N.E.2d at 12, quoting *State ex rel. Fostoria v. King* (1950), 154 Ohio St. 213, 220–221, 43 O.O. 1, 4–5, 94 N.E.2d 697, 701.

In our opinion, the reasoning for the emergency in the case at bar is stated with sufficient detail, and it is not conclusory, illusory, or tautological, in derogation of the rule set forth in *Walsh v. Cincinnati City Council* (1977), 54 Ohio App.2d 107, 111, 8 O.O.3d 208, 210–211, 375 N.E.2d 811, 814. The preamble to each ordinance in this case states that "an emergency exists and why it was declared, * * * [and therefore] is sufficient." *Abrams,* 62 Ohio St.3d at 133, 580 N.E.2d at 13. Furthermore, the council's ordinances took effect within a week of passage and satisfied the immediacy requirement. See *Walsh* at 110–111, 8 O.O.3d at 210–211, 375 N.E.2d at 813–814, citing *State ex rel. Lipovsky v. Kizak* (1968), 15 Ohio St.2d 27, 44 O.O.2d 16, 238 N.E.2d 777. Therefore, appellant's first assignment of error is without merit.

Appellant's third assignment of error is not well founded. R.C. 102.08(B) concerns the legal effect of the advisory opinions issued by the Ohio Ethics Commission and provides:

" * * * When the Ohio ethics commission renders a written formal or staff advisory opinion relating to a special set of circumstances involving ethics, conflict of interest, or financial disclosure under Chapter 102. or section 2921.42 or 2921.43 of the Revised Code, the person to whom the opinion was directed or who was similarly situated may reasonably rely upon the opinion and shall be immune from criminal prosecutions, civil suits, or actions for removal from his office or position of employment for a violation of Chapter 102. or section 2921.42 or 2921.43 of the Revised Code based on facts and circumstances covered by the opinion, if the opinion states there is no violation of Chapter 102. or section 2921.42 or 2921.43 of the Revised Code." See, also, *State v. Nipps* (1979), 66 Ohio App.2d 17, 21, 20 O.O.3d 49, 52, 419 N.E.2d 1128, 1132.

David Freel, the Executive Director of the Ohio Ethics Commission, testified that "[an advisory opinion has] the full force and effect of law. It's not a court opinion. And ultimately the statutes and/or current statutes in a court of law would have to rule on their construction, either in enforcement or advice."

There is a dearth of reported case law expressly addressing the issue of the authoritative effect of an advisory opinion issued by the Ohio Ethics Commission. However, the import of several Ohio decisions suggests that the advisory opinions relied on by appellant do not possess sufficient force and legal effect to override and/or supersede the city council's authority under Section 3, Article XVIII of the Ohio Constitution to enact the ordinances increasing the compensation of the elected officials.

In *Walsh v. Bollas* (1992), 82 Ohio App.3d 588, 591, 612 N.E.2d 1252, 1254–1255, this court reviewed a violation of R.C. 2921.42(A)(1) and applied the definition of "family member" promulgated by the Ohio Ethics Commission in an advisory opinion. We did not "reach the issue of whether the Ohio Ethics Commission may constitutionally by an advisory opinion under R.C. 102.08 narrow or broaden the statutory language * * *." *Id.* at fn. 1, 612 N.E.2d at 1254. See, also, *Jones v. Brookfield Twp. Trustees* (June 30, 1995), Trumbull App. No. 92–T–4692, unreported, 1995 WL 411842, interpreting "family member" under R.C. 2921.42(A)(1).

The Second District Court of Appeals cited an advisory opinion from the Ohio Ethics Commission in support of its interpretations of the term "candidate" in R.C. 102.02(A). See *State v. Morgan* (May 28, 1987), Clark App. No. 2294, unreported, at 32, 1987 WL 11809. However, the Fourth District Court of Appeals stated that it was not bound by the Ohio Ethics Commission's advisory

opinion defining the term "prohibited 'interest' " under R.C. 2921.42(A)(4). *State ex rel. Vanmeter v. Lawrence Cty. Bd. of Commrs.* (July 8, 1994), Lawrence App. No. 93CA27, unreported, at 22, fn. 6, 1994 WL 323703.

Finally, we note that Ohio Ethics Commission Advisory Opinion 96–001 states in part:

"This opinion does not purport to interpret any provision of Title VII of the Revised Code that prohibits the salary of municipal officers from being increased or decreased during their term of office. [See] R.C. 731.07 and 731.13. [See, also] *Creed v. Hubbard* * * * (R.C. 731.07 precludes a noncharter city from granting its mayor an in-term pay increase) and *Hubbard ex rel. Creed v. Sauline* * * *."

In the instant case, appellant attempts to use several advisory opinions as a means to invalidate the city council's passage of the compensation ordinances. However, the council acted within its power to enact the ordinances. The proper mechanism for challenging the propriety of the pre-term compensation increases is the filing of a complaint by the Ohio Ethics Commission under R.C. 102.06.[5] Accordingly, the trial court did not err by stating that the injunction proceeding was not the appropriate forum for raising alleged violations under R.C. 102.03. Appellant's third assignment is without merit.

■ Appellant's fourth assignment of error is likewise not well taken. R.C. 733.61 states, in part, that if judgment is rendered in a party's favor, he or she may be awarded reasonable compensation for attorney fees. "Use of the word 'may' in the statute implies that the decision to award attorney fees to a successful plaintiff in an R.C. Chapter 733 taxpayer suit lies entirely within the trial court's discretion. *State ex rel. Hirshler v. Frazier* (1980), 63 Ohio St.2d 333, 335, 17 O.O.3d 418, 419, 410 N.E.2d 1253, 1254–1255." *Hubbard ex rel. Creed v. Sauline,* 74 Ohio St.3d at 408, 659 N.E.2d at 786. See, also, *Mogadore ex rel. Coffman v. Farina* (Sept. 30, 1992), Portage App. No. 92–P–0018, unreported, at 3, 1992 WL 267424.

■ We perceive no abuse of discretion here because appellant was not the prevailing party; therefore, appellant did not satisfy the statutory requirement and was not entitled to an award of attorney fees. The trial court also noted that counsel accepted the case *pro bono.* Additionally, the court stated that the city of Warren was not a party to the action and that appellant's request that the court order the city to pay appellant's attorney fees was well taken. Moreover, the American Rule concerning attorney fees applies under these

---

5. In this case, a complaint was filed by the commission, and later dismissed.

circumstances. *Internatl. Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 668, 657 N.E.2d 820, 825.[6]

In conclusion, the trial court did not err by granting appellees' motion for preliminary and permanent injunctions. Appellant's assignments of error are without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and WILLIAM M. O'NEILL, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.

---

**6.** "The Ohio Supreme Court adheres to the American Rule, which prohibits the prevailing party's recovery of attorney fees as part of the costs of civil litigation except where * * * there is statutory authorization * * *." *Kerouac* at 668, 657 N.E.2d at 825.