OPINION
This case came from the Trumbull County Court of Common Pleas. Appellant, Linda J. Karlen, appeals the trial court's dismissal of her complaint against appellees, John F. Steele, M.D., P.C. (John F. Steele's medical practice), John F. Steele, M.D., (referred to as "Dr. Steele") and Helen T. Steele, Dr. Steele's wife.
Appellant alleged in her complaint that she was a former employee of Dr. Steele's medical practice from 1980 until 1989. To briefly summarize, appellant's complaint alleged that she was subjected to numerous forms of assaults, batteries, threats of violence, wrongful taking of property, breach of contract, and fraud. These instances are alleged to have occurred in both Pennsylvania and Ohio.
In 1995, while incarcerated at the Ohio Reformatory for Women in Marysville, Ohio,[1] appellant filed her first complaint against John F. Steele, M.D., P.C., Dr. Steele, and Helen T. Steele with the Mercer County Court of Common Pleas, Pennsylvania.[2] Subsequently, the Pennsylvania court granted appellees' motion for summary judgment and dismissed the case with prejudice on July 23, 1996.[3] Thereafter, in 1996, appellant filed a second complaint with the United States District Court for the Western District of Pennsylvania against John F. Steele, M.D., P.C., Dr. Steele, Helen T. Steele, trustees, and John F. Steele, M.D., P.C. Employees' Retirement Plan.[4]
This case was also dismissed with prejudice by the district court on January 15, 1997.[5]
On September 29, 1997, appellant filed a third complaint with the Franklin County Court of Common Pleas against John F. Steele, M.D., P.C., Dr. Steele, and Helen T. Steele. In a December 10, 1997 judgment entry, the Franklin County Court of Common Pleas determined that venue was improper in Franklin County and, as a result, transferred the case to Mahoning County.
The Mahoning County Court of Common Pleas issued an April 17, 1998 judgment entry determining that Mahoning County had no venue with regards to this case and transferred it to the Trumbull County Court of Common Pleas.
Thereafter, on April 9, 1999, appellees filed a motion to dismiss under either Civ.R. 12(B)(6) or alternatively pursuant to Civ.R. 56. They argued that appellant's complaint failed to state a claim on the basis that some of the claims were barred by the applicable statute of limitations. In addition, appellees contended that the entire complaint was barred pursuant to resjudicata because appellant's claims were previously litigated in Pennsylvania by both the Mercer County Court of Common Pleas and the United States District Court for the Western District of Pennsylvania.
On April 19, 1999, appellant filed a motion for an extension of time to file a response to appellees' motion to dismiss. Subsequently, on April 22, 1999, the trial court granted appellant's motion for extension of time until May 15, 1999 and set the hearing on the motion to dismiss for May 28, 1999.[6]
Appellant timely filed her response to appellees' motion to dismiss on May 11, 1999.
On May 28, 1999, the trial court granted appellees' motion to dismiss all the claims and ordered findings of fact and conclusions of law to be filed within ten days.[7] Appellant submitted her findings of fact and conclusions of law on June 8, 1999. Thereafter, on June 10, 1999, the trial court issued its findings of fact and conclusions of law wherein it dismissed appellant's complaint on the basis that her claims were barred by the statute of limitations and res judicata, and that the alleged contract was illegal and unenforceable. In response, appellant filed a timely notice of appeal as to the trial court's dismissal of her complaint, asserting four assignments of error:
 "[1.] The trial court erred to the prejudice of the plaintiff-appellant by refusing to recognize Ohio Revised Code (ORC) savings [sic] statute ss 2305.15 Tolling of limitation during defendant's absence, concealment, or imprisonment.
 "[2.] The trial court erred to the prejudice of the plaintiff-appelant [sic] by relying upon the doctrine of res judicata to dismiss the plaintiff-appellant's complaint.
 "[3.] The trial court erred to the prejudice of the plaintiff-appellant by refusing to recognize a valid oral contract existed between her and the defendant[s]-appellees.
 "[4.] The trial court erred to the prejudice of the plaintiff-appellant by failing to recognize that her cause of action with regard to the unauthorized pornographic videos portion was filed in a timely manner."
Of great concern to this court is the failure of the trial court and the parties to recognize that the instant Civ.R. 12(B)(6) motion to dismiss had to be treated in part as a motion for summary judgment. This was because the trial court, in reaching its decision as to some of the claims, had to consider facts outside the pleadings. Those facts were found in the numerous documents submitted by appellees with their motion to dismiss. Even if the motion to dismiss had been partially converted into a Civ.R. 56 motion for summary judgment, the majority of those documents were not properly submitted in the form required under Civ.R. 56.
We note the record shows that appellant had well in excess of fourteen days to respond to appellees' motion to dismiss, and did in fact submit a response. Nevertheless, we are unwilling to presume that appellant understood the need to respond in part to a Civ.R. 56 motion for summary judgment. Specifically, there was no notice of the conversion to alert appellant that she was at risk in simply arguing against the motion. Instead, there was a need to produce some evidentiary quality material which would create a material issue of fact.
Civ.R. 12(B) states in pertinent part:
 " * * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."
 It is the trial court's responsibility to notify all parties when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraph one of the syllabus. Moreover,
 "[a] court must notify all parties that it has converted a motion to dismiss for failure to state a claim into a motion for summary judgment `at least fourteen days before the time fixed for hearing'." Id. at paragraph two of the syllabus. See, also, Motorists Mut. Ins. Co. v. Hancock (Nov. 9, 1995), Trumbull App. No. 94-T-5109, unreported, at 2-3, 1995 WL 803565.
We shall therefore review the impact of this error in respect to each of appellant's assignments, as we acknowledge that certain issues could, indeed, be determined by reference to the pleadings alone. Hence, as to those issues, there was no need to convert to a summary judgment exercise.
Under her first assignment of error, appellant asserts that because appellees Dr. Steele and Helen T. Steele were residents of Mercer County, Pennsylvania, they were not eligible for protection under Ohio's statute of limitations. According to appellant, she was free to file her complaint at anytime because appellees' were residents of another state, and thus, were concealed pursuant to R.C. 2305.15(A), Ohio's saving statute. Furthermore, she points out that despite the fact that John F. Steele, M.D., P.C. operated a branch office in Youngstown, Ohio, this appellee was ineligible for personal service because it is a Pennsylvania corporation and did not have any registered agents within Ohio. We note that these preceding claims were raised for the first time in appellant's brief to this court. Thus, since these claims were not raised in the court below, they are not only waived, but are not properly before this court.
Even if these claims were before the trial court, they are groundless. We agree with appellant that R.C. 2305.15(A) tolls the statute of limitations when the defendant " * * * is outside of the state, has absconded, or conceals himself * * * ." Appellant's complaint alleges that appellees were doing business in Youngstown, Ohio, and were also doing business and/or residing in nearby Pennsylvania. However, appellant's complaint also indicates that she was well aware of appellees' actions and whereabouts, both in Ohio and Pennsylvania. Accordingly, R.C.2305.15(A) is inapplicable because the complaint indicates that appellees did not abscond or conceal their whereabouts, even though they were located both inside and outside the state.
In addition, under her first assignment of error, appellant seems to also suggest that R.C. 2305.15(B), which tolls the statute of limitations during periods of imprisonment, applied to her complaint. In response, appellees contend that the statute of limitations has not been tolled for any of appellant's claims, and thus, the claims were barred by the applicable statute of limitations.
Appellant is incorrect in her assertion that R.C. 2305.15(B) applies during periods of imprisonment. R.C. 2305.15(B) provides:
 "When a person is imprisoned for the commission of any offense, the time of his imprisonment shall not be computed as any part of any period of limitation, * * * , within which any person must bring any action against the imprisoned person." (Emphasis added.)
Accordingly, R.C. 2305.15(B) only tolls the statute of limitations period with regard to suits brought against persons who are imprisoned. As we mentioned, appellant's claim of imprisonment is set out in her complaint. However, her own imprisonment cannot be used to toll the statute of limitations for her claims against someone else. Therefore, R.C.2305.15(B) is inapplicable to appellant's situation and can be a basis for dismissal under Civ.R. 12(B)(6).
To summarize, R.C. 2305.15(A) and (B) are inapplicable to appellant's situation, and as a result, the first assignment of error is meritless.
In appellant's second assignment of error, she contends that the trial court improperly applied the doctrine of res judicata in order to dismiss her complaint because the Pennsylvania federal district court did not have proper jurisdiction. In response, appellees argue that all of the elements of res judicata have been satisfied.
We will not address this argument as we recognize that the defense of res judicata may not be raised pursuant to a motion to dismiss. State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,109. This court has previously recognized that:
 " * * * the affirmative defense of res judicata is an improper basis for a dismissal pursuant to a Civ.R. 12(B) motion to dismiss, and is more appropriate in a motion for summary judgment." Motorist Mut. Ins. Co. at 3, citing Freeman at 109.
An examination of Civ.R. 8(C) confirms that res judicata is an affirmative defense. Moreover, the Supreme Court of Ohio has recognized that:
 "Civ.R. 12(B) enumerates defenses that may be raised by [a] motion [to dismiss] and does not mention res judicata. Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B). See Johnson v. Linder (184), 14 Ohio App.3d 412. In that case, the Court of Appeals for Allen County held that the affirmative defense of res judicata could be raised by motion for summary judgment. We concur. * * * " (Parallel citation omitted.) Freeman at 109.
As a result, appellees' assertion ofres judicata in its motion to dismiss was improper. Further, as previously indicated, the motion to dismiss was not properly converted to one for summary judgment. Accordingly, appellant's second assignment of error is well-taken.
In appellant's third assignment, she maintains that several agreements with Dr. Steele constituted valid and enforceable oral contracts.
Appellant's first claimed breach of contract was that Dr. Steele verbally agreed in January, 1990 to continue paying her annual wages and benefits during the time in which she was incarcerated in exchange for her silence with regard to Dr. Steele's alleged involvement in certain criminal activity. Appellant contended that she never received the promised wages or benefits from Dr. Steele.
Ohio courts will not enforce an illegal contract but instead will leave the parties where it finds them because no rights can arise from an illegal contract. Walsh v. Bollas (1992), 82 Ohio App.3d 588,593. A review of R.C. 2921.02 reveals that it specifically prohibits bribery:
 "(C) No person, with purpose to corrupt a witness or improperly to influence him with respect to his testimony in an official proceeding, either before or after he is subpoenaed or sworn, shall promise, offer, or give him or another person any valuable thing or valuable benefit.
 "(D) No person, either before or after he is subpoenaed or sworn as a witness, shall knowingly solicit or accept for himself or another person any valuable thing or valuable benefit to corrupt or improperly influence him with respect to his testimony in an official proceeding."
On the basis of the facts of this claim as set out in appellant's complaint, it is clear that any such contract was unenforceable as it violated R.C. 2921.02. Moreover, appellant failed to bring her cause of action for breach of oral contract within the six year statute of limitation as outlined in R.C.2305.07 because in her complaint, appellant alleged that the wages and benefits were withheld in 1990. Appellant, however, filed her complaint with the Franklin County Court of Common Pleas in 1997. Thus, it is evident on the face of her complaint that this contract claim is barred by the statute of limitations and can be disposed of through a Civ.R. 12(B)(6) motion to dismiss. [8]
Appellant also alleged in her brief to this court and in her response to appellee's motion to dismiss that in January 1990, she and Dr. Steele established a second oral contract. Appellant claimed that Dr. Steele confessed to being responsible for her incarceration and then allegedly promised that he would pay her annual wages in exchange for her managerial advice.
It appears that the trial court never addressed appellant's second contract allegation because this claim was not specifically raised in appellant's complaint, and no amended complaint was ever filed pursuant to Civ.R. 15.[9] Rather, this second contract claim was raised in the court below through appellant's response to appellees' motion to dismiss. Because this second contract claim was not properly raised in the court below, it cannot be raised in the present appeal.
Even if it could, the contract is arguably not illegal perse. Although unlikely, appellant theoretically could "consult" from her prison cell. Nevertheless, R.C. 2305.07 provides that " * * * an action upon a contract not in writing, express or implied, * * * shall be brought within six years after the cause thereof accrued." A cause of action for breach of contract does not accrue until the party suffers actual damages as a result of the alleged breach. Children's Hosp. v. Ohio Dept. of Pub. Welfare
(1982), 69 Ohio St.2d 523, 526; State ex rel. Teamsters LocalUnion 377 v. Youngstown (1977), 50 Ohio St.2d 200, 203-204. If the alleged wrongful act is the withholding of money, then the cause of action accrues when the money was actually withheld.Children's Hosp. at 526.
As a result, it is not necessary for this court to decide whether there was a legal contract or whether Dr. Steele breached any such oral contract because appellant failed to bring her cause of action within the six year statute of limitation, as provided by R.C. 2305.07. Appellant alleged, in her response to appellees' motion to dismiss, that the money was actually withheld some time in 1990. Appellant, however, filed her complaint with the Franklin County Court of Common Pleas on September 29, 1997. Thus, it is evident on the face of the complaint that her claim was not filed within the six year statute of limitations. As a result, both of her claims for breach of oral contract could be attacked by a Civ.R. 12(B)(6) motion to dismiss. Therefore, appellant's third assignment of error is without merit.
In appellant's fourth and final assignment of error, she claims that the trial court erred by failing to recognize that her cause of action for fraud with regard to the unauthorized making of pornographic videotapes was filed in a timely manner under R.C.2305.09.
We agree with appellant that under R.C. 2305.09(C), an action for fraud must be brought within four years after the cause of action accrues. And, under R.C. 2305.09, a fraud action does not accrue until the injured party discovers the fraud.
In her complaint, appellant alleges that in 1986, Dr. and Mrs. Steele pressured her to "star" in certain pornographic movies with Mrs. Steele, but she refused. These alleged pornographic videos were made, nevertheless, without appellant's knowledge or consent. Only in June of 1995 did appellant learn about the existence of these videotapes.
Subsequently, she filed her claim with the Franklin County Court of Common Pleas in 1997, well within the four year statute of limitations as required by R.C. 2305.09. That claim was subsequently transferred to Mahoning County and ultimately to Trumbull County. Therefore, it was error for the trial court to dismiss appellant's fraud claim with regard to the unauthorized making of pornographic videotapes on the basis that it was barred by the statute of limitations. Moreover, as previously indicated, absent a conversion to a summary judgment exercise, a Civ.R. 12(B)(6) dismissal on the basis of res judicata would have been inappropriate. Accordingly, appellant's fourth assignment of error is well-taken.
Based on the foregoing analysis, appellant's second and fourth assignments of error have merit, while the first and third assignments of error are not well-taken. Therefore, the judgment of the trial court is affirmed in part, reversed in part and remanded as to the second and fourth assignments.
 ____________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] Appellant's claim of imprisonment is set out in her complaint.
[2] See Exhibit A, appellees' motion to dismiss and Exhibit A, appellees' brief to this court.
[3] See Exhibit D, appellees' motion to dismiss and Exhibit C, appellees' brief to this court.
[4] See Exhibit B, appellees' motion to dismiss and Exhibit D, appellees' brief to this court.
[5] See Exhibit C, appellees' motion to dismiss and Exhibit E, appellees' brief to this court.
[6] The trial court's April 22, 1999 judgment entry only stated that it was simply setting a date for the court to consider the motion while appellees' brief submitted to this court maintains that a hearing was held on May 28, 1999, and that appellant did not appear for this hearing.
[7] In appellees' motion to dismiss, they requested that appellant's complaint be dismissed with prejudice. In reviewing the trial court's judgment entry dated May 28, 1999 and its finding of facts and conclusion of law issued on June 10, 1999, the court did not specifically state that it was dismissing appellant's complaint with prejudice. The court only concluded that appellees' motion to dismiss was granted.
[8] A trial court may dismiss a complaint for failure to state a claim pursuant to Civ.R. 12(B)(6) if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. Trina v. Warren (Mar. 29, 1991), Trumbull App. No. 90-T-4400, unreported, at 2, 1991 WL 45665 citing O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 243, syllabus; see, also, Velotta v. Leo PetronzioLandscaping, Inc. (1982), 69 Ohio St.2d 376, paragraph three of the syllabus (holding that "[a] motion to dismiss based on the bar of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face the action is barred by the statute of limitations.")
[9] In addressing appellant's contract claim, the trial court, in its findings of fact and conclusions of law stated: "Plaintiff's claim for lost wages is also based on an illegal and unenforceable contract." (Emphasis added.) Accordingly, it may be argued that the trial court was only addressing the contract claim raised in appellant's complaint because the court only referred to a single contract.