OPINION
Appellants P S Management Group, Ltd., the Norma Petros Trust, Michael G. Petros, and Norma J. Petros appeal the decision of the Court of Common Pleas, Stark County, which granted summary judgment to Appellee Perry Township, et al., regarding appellants' complaint to declare the Perry Township Zoning Resolution unconstitutional. The relevant facts leading to this appeal are follows.
Appellants are the owners of five parcels of real property in Perry Township, Stark County. Appellants have previously successfully fought attempted zoning reclassifications of these five parcels from industrial to residential. On August 15, 2001, appellants filed a complaint in the Stark County Court of Common Pleas against Perry Township, the Perry Township Board of Trustees, the Perry Township Zoning Inspector, and the Ohio Attorney General, essentially seeking to prevent further reclassification attempts. An amended complaint was filed on August 21, 2001. Appellants therein sought declaratory and injunctive relief, as well as a writ of mandamus. Appellants based their action on the premise that the entire Perry Township Zoning Resolution, adopted in 1958, was unconstitutionally vague and ambiguous, and not in compliance with R.C.519.02. In their complaint, appellants cited a June 5, 2001 Resolution by the Board of Trustees rendered in reference to appellants' five parcels, as well as over sixty other properties in Perry Township. Said Resolution indicated that "* * * the actual zoning classification of the [affected] parcels of real property is unclear, uncertain, indeterminate, and subject to legitimate dispute * * *."
On November 5, 2001, appellees filed a motion for summary judgment, arguing inter alia that the trial court had previously declared the June 5, 2001 Resolution invalid in another case involving appellants and appellees, Stark County Common Pleas No. 2001 CV 01773, PS ManagementGroup, Ltd., et al. v. The Township of Perry, et al. On November 5, 2001, appellants also filed a cross-motion for summary judgment in the case sub judice. On November 30, 2001, the trial court entered a judgment entry granting appellees' motion for summary judgment and dismissing appellants' complaint. The trial court held in part as follows:
 "The plaintiffs claim that the Perry Township Zoning Resolution is unconstitutionally vague and ambiguous and is otherwise not in compliance with O.R.C. 519.02. Much of plaintiffs' brief revolves around a resolution of the Perry Township Trustees enacted on June 5, 2001. This resolution has been previously determined by this Court to be invalid and of no legal effect. See the final judgment entry issued by this Court in Case No. 2001-CV-01773. This Court, therefore, finds that said resolution of June 5, 2001, has no bearing on whether the remainder of the Perry Township Zoning Resolution is, in fact, constitutional."
"This Court has reviewed the zoning resolution provided to the Court and enacted in 1958. The Court finds no evidence or legal concept that would indicate said resolution to be unconstitutional in any respect either as a general matter or as it may relate to the plaintiffs in this matter. The Court specifically limits this ruling to the general constitutionality as raised in the within litigation. The motion of Perry Township for summary judgment is, therefore, granted." Judgment Entry at 1-2.
Appellants filed a notice of appeal therefrom on December 26, 2001, and herein raise the following sole Assignment of Error:
 "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS'/APPELLEES' MOTION FOR SUMMARY JUDGMENT AND/OR IN DENYING PLAINTIFFS'/APPELLANTS' MOTION FOR SUMMARY JUDGMENT."
 I.
In their sole Assignment of Error, appellants contend that the trial court erred in granting summary judgment in favor of appellees, and in denying appellants' motion for summary judgment. We disagree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
R.C. 519.02 reads in pertinent part as follows:
 "For the purpose of promoting the public health, safety, and morals, the board of township trustees may in accordance with a comprehensive plan regulate by resolution * * * the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of such township, and for such purposes may divide all or any part of the unincorporated territory of the township into districts or zones of such number, shape, and area as the board determines. All such regulations shall be uniform for each class or kind of building or other structure or use throughout any district or zone, but the regulations in one district or zone may differ from those in other districts or zones.
Appellants, in support of their motion for summary judgment and their memorandum in opposition to appellees' motion for summary judgment, relied almost exclusively on the aforecited June 5, 2001 Resolution and concomitant testimony from Stark County Common Pleas Case No. 2001 CV 01773 in order to advance their position that the entire Perry Township Zoning Resolution and attendant Zoning Map were not a "comprehensive plan" per the statute and were otherwise unconstitutional. Appellees respond that appellants' reliance on such evidence is misplaced, based on the effect of judicial mandate in case 2001 CV 01773 that the June 5, 2001 Resolution is void ab initio. We find merit in appellees' position.
The earlier finding of invalidity by the common pleas court is equivalent to a finding of "void ab initio," meaning that the June 5, 2001 Resolution is considered null from the beginning. See, e.g., Daroczyv. Lantz (Nov. 16, 2000), Franklin App. No. 00AP-16, citing Walsh v.Bollas (1992), 82 Ohio App.3d 588, 592, 612 N.E.2d 1252. Thus, the earlier testimony of the trustees surrounding said resolution was of no value for summary judgment consideration under Civ.R. 56(C). Furthermore, "[t]he issue-preclusion branch of the res judicata doctrine operates to collaterally estop a party from drawing into question in a second action a point or fact which was actually and directly in issue in a former action, and was there passed upon and determined by a court of competent jurisdiction." State v. Baird (April 22, 2002), Clermont App. No. CA2001-03-043, citing Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,653 N.E.2d 226. As such, appellants' attempt to utilize the June 5, 2001 Resolution and related testimony to demonstrate the alleged lack of a comprehensive overall plan under R.C. 519.02 was properly rejected by the trial court.
On the issue of summary judgment pertaining to the constitutionality of the Perry Township Zoning Resolution, we first note that zoning provisions are entitled to a strong presumption of validity. See, e.g.,Franchise Developers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28, 32. In addition, the Ohio Supreme Court stated in Franchise Developers that "* * * the unconstitutionally vague argument is usually applicable only to criminal ordinances which fail to put persons on notice as to what conduct is prohibited. Such an argument is inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation." Id., citing Rumpke Waste, Inc. v. Henderson (S.D.Ohio 1984), 591 F. Supp. 521. Furthermore, a zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. Goldberg Cos.,Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207,690 N.E.2d 510. Thus, assuming, arguendo, that the classification of certain parcels in Perry Township was uncertain, appellants' arguments do not give rise to a judicial dismantling of the entire township zoning resolution on the basis of vagueness or ambiguity.
Upon review of the record, we find no genuine issue of material fact pertaining to the constitutionality and statutory validity of the overall Perry Township Zoning Resolution. The trial court did not err in granting summary judgment in favor of appellees, and in denying appellants' motion for summary judgment.
The sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: HOFFMAN, P.J. GWIN, J., and WISE, J., concur.